# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIFTY HOME PRODUCTS, INC., | |
| Plaintiff, | Civil Action No. |
| v. | 23-cv-687 |
| MAPLE LEAVES, *et al*., | Judge Schwab |
| Defendants. | **FILED UNDER SEAL** |

**AMENDED 1) TEMPORARY RESTRAINING ORDER FOR GOOD CAUSE SHOWN; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY**

On April 28, 2023, this Court previously issued an Order on (1) Plaintiff's Application for a Temporary Restraining Order, (2) Order Restraining Assets and Merchant Storefronts; (Order to Show Cause Why a Preliminary Injunction Should not Issue; and (4) Order Authorizing Expedited Discovery. ("TRO") [ECF No. 12]. That Order denied Plaintiff's Motion for an Order Authorizing Expedited Discovery.

This matter is before the Court upon Plaintiff's Motion to Amend and Extend the TRO, the evidence in the record, the May 1, 2023 Declaration of Brian Samuel Malkin, and the applicable law. Based upon the Court's review, this Amended Order is now entered and shall replace the original TRO. The Court notes that it has included expedited discovery in this Order as Plaintiff's Application for the TRO shows good cause for such relief.

Specifically, Plaintiff has obtained evidence clearly demonstrating that Defendants are using without authorization Plaintiff's copyrighted Pig Face Sculpture ("Plaintiff's Work"), while promoting, selling, offering for sale and distributing knock-offs in a willful attempt to pass

off their knock-off products as genuine versions of Plaintiff's Products. Defendants' sale, distribution, and advertising of the Knock-off Products are highly likely to cause consumers to believe that Defendants are offering Plaintiff's genuine product when in fact they are not. Defendants accomplish their illegal sales through the use of, at least one of the Internet based e-commerce stores operated by at least one of Amazon.com, eBay.com, Walmart.com, Wish.com and AliExpress.com Internet marketplace platforms.

Based on this evidence, Plaintiff's Complaint alleges claims for federal copyright infringement pursuant to 17 U.S.C. § 501(a).

## FACTUAL FINDINGS & CONCLUSION OF LAW

1.      Plaintiff, Nifty Home Products, Inc. ("Nifty"), is likely to prevail on its copyright claims at trial.

2.      Katherine Waymire founded Talisman Designs in 2002 making handmade wine accessories and packaging out of her home. Since then, Talisman Designs has created and innovated all of its own products and packaging. Today, Talisman is a well-known national brand in the gift and houseware industries. It is recognized for its quality, inventions, creative packaging and whimsical characters. Talisman innovates across four main categories – Baking, Prep Tools, Wood/Collections and Fun & Funky. Each category has a different, distinct look. Talisman's customers immediately recognize their products because of this. For instance, in the Fun & Funky line of products, most of the products have a distinct character that is personified by a face or character. Talisman's customers often immediately recognize their new products as being sold by them.

3.      Plaintiff acquired Talisman and Talisman's top selling product called the Bacon Bin® bacon grease container ("Plaintiff's Product") which was conceived by Waymire.[1]  The Plaintiff's Product is designed to both strain and then store bacon grease that is poured into it while hot (up to 500 degrees Farenheit).  The Plaintiff's Product includes a distinct tin can shape with ridges all around it and a whimsical sculpted piggy face top. The piggy face, individually, is a copyrighted sculpture (attached as Exhibit 3C to the Complaint) ("Plaintiff's Work").  The Bacon Bin® grease holder is sold in online marketplaces such as Amazon.com and in brick and mortar stores.

4.      Plaintiff is also the owner of various published photographs, videos, artwork, creative text, and product instructions appearing on talismandesigns.com and the Plaintiff's store on Amazon.com (as illustrated in Exhibit 2 attached to the Complaint).

5.      Defendants, by operating Internet based e-commerce stores, and fully interactive, commercial Internet websites operating under Defendants' respective seller identities set forth on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, sold, and offered for sale goods featuring, displaying, and/or using Plaintiff's Work without authorization and Plaintiff has determined the products that each Defendant is offering for sale are not genuine products.

6.      Through the e-commerce marketplace platform, Plaintiff accessed all of the e-commerce stores operating under Defendants' Seller IDs and captured the Defendants' listings at issue on the e-commerce stores.  At the conclusion of the process, the detailed webpages and photographs were inspected by Plaintiff's representative who confirmed that each Defendant is

---

[1] Waymire was the former president and owner of Talisman Designs LLC.  Talisman brought multiple lawsuits related to the facts and claims in this lawsuit and is the predecessor in interest to this lawsuit.

featuring, displaying, and/or using Plaintiff's Work without authorization and the products that each Defendant is offering for sale are not genuine products.

7.     Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of products with unauthorized and unlicensed uses of Plaintiff's Work, in violation of 17 U.S.C. § 501(a).

8.     Plaintiff and consumers are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. There is good cause to believe that the unauthorized and unlicensed use of Plaintiff's Work will continue in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised; and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates. There is also good cause to believe that if Plaintiff proceeds on notice to Defendants of this Application, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs, thereby thwarting Plaintiff's ability to obtain meaningful relief. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

9.     The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

10.     The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests and protect the public from being injured, deceived and defrauded by the passing off of Defendants substandard goods as Plaintiff's genuine goods.

11.     Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages.[2]  This Court also has the inherent authority to issue a prejudgment asset restraint when Plaintiff's complaint seeks relief in equity. According to the Copyright Act, 17 U.S. Code § 504, Plaintiff seeks, among other relief, that Defendants account for and pay to Plaintiff its actual damages and all profits realized by Defendants or statutory damages, by reason of Defendants' unlawful acts.  Therefore, this Court has the authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff and preserve the Defendants' ability to at least partially satisfy a judgment.

12.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' illegal and infringing activities.  Therefore, Plaintiff has good cause to be granted expedited discovery.

---

[2] Under Pennsylvania law, pre-judgment restraints are permitted as against all defendants. *Walter v. Stacey*, 837 A.2d 1205 (Pa. Super. 2003) (injunction entered restraining assets in action seeking damages for a wrongful death); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186 (3d Cir. 1990) (affirming injunction entered restraining assets in class action lawsuit). Pre-judgment restraints are appropriate against these U.S. sellers under *Walter* and *Hoxworth*. *See also, Broadway v. Colorflowers, et al.,* 22-cv-510-JNR (W.D. Pa., filed April 12, 2022); *Doggie Dental Inc. et al. v. AvantDigital et al., 21-cv-565-MRH* (W.D. Pa., filed April 29, 2021) and *Doggie Dental Inc. et al. v. CDOffice et al., 21-cv-271-MRH* (W.D. Pa., filed February 25, 2021). *Doggie Dental Inc. v. Go Well,* No. 19-cv-1282 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on amazon.com); *Doggie Dental Inc. v. Worthbuyer,* No. 19-cv-1283 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on ebay.com); *Doggie Dental Inc. v. Max_Buy,* No. 19-cv-746 (W.D. Pa. June 27, 2019) (Hornak, J.) (sellers on ebay.com); *Doggie Dental Inc. v. Anywill,* No. 19-cv-682 (W.D. Pa. June 13, 2019) (Hornak, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (May 28, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Babymove*, No. 19-cv-166 (W.D. Pa. Feb. 14, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Artifacts_Selling*, No. 18-cv-1462 (W.D. Pa. Oct. 31, 2018) (Fischer, J.) (sellers on ebay.com and aliexpress.com).

## <u>ORDER</u>

Based on the foregoing findings of fact and conclusions of law, Plaintiff's AMENDED Application is hereby **GRANTED AND EXTENDED FOR GOOD CAUSE SHOWN,** as follows (the "Order"):

### I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

    (1) from (a) their unauthorized and unlicensed use of Plaintiff's Work in connection with the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's Work;

    (2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[3] Merchant Storefronts[4] or

---

[3]    As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, eBay.com, Aliexpress.com, Walmart.com, and wish.com as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, servants and all other persons in active concert with any of them.

[4]    As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, servants and all persons in active concert or participation with any of them.

any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue use of the Plaintiff's Work within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC d/b/a Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"),  eBay, Inc. d/b/a eBay.com ("eBay"), Walmart.com USA LLC and Walmart, Inc. ("Walmart"), and Context Logic, Inc d/b/a wish.com ("Wish") ("Third Party Service Provider(s)'') and AliPay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal"), Walmart d/b/a Walmart Pay ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[5]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants

---

[5]   This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

identified in Schedule "A" hereto, and associated payment accounts, and any other

accounts for the same customer(s) as well as any other accounts which transfer funds into

the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five

(5) business days of receiving this Order, provider Plaintiff's counsel with all data that

details (i) an accounting of the total funds restrained and identifies the financial

account(s) which the restrained funds are related to, and (ii) the account transactions

related to all funds transmitted into financial account(s) which have been restrained. Such

restraining of the funds and the disclosure of the related financial institution account

information shall be made without notice to the account holders, until after those

accounts are restrained. No funds restrained by this Order shall be transferred or

surrendered by any Third-Party Service Provider or Financial Institution for any purpose

(other than pursuant to a chargeback made pursuant to that Third Party Service Provider

or Financial Institution's security interest in the funds) without express authorization of

this Court;

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this

Order, including but not limited to the Third-Party Service Provider(s) and Financial

Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory

assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory,

possession, custody, or control, and hold such goods in trust for the Court during

pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts,

and any other seller identification names, Accounts or Merchant Storefronts, Third Party

Service Provider or Financial Institution accounts which are being used by Defendants
for the purpose of infringing the Plaintiff's' Work;

(12) Defendants and all financial institutions, payment processors, banks, escrow services,
money transmitters, or marketplace platforms, including but not limited to the Third-
Party Service Provider(s) and the Financial Institution(s), subject to this Order may
petition the Court to modify the asset restraint set out in this Order; and

(13) this Order shall remain in effect until the date for the hearing to show cause why a
preliminary injunction should not be issued as set forth below, or until such further dates
as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's
request, any Internet marketplace who is provided with notice of this Order, including but not
limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained
and enjoined from engaging in any of the following acts or omissions pending the hearing
and determination of Plaintiff's Application for a preliminary injunction, or until further
order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or
paying Defendants' Assets from or to financial accounts associated with or
utilized by any Defendant or any Defendant's User Accounts or Merchant
Storefront(s) (whether said account is located in the U.S. or abroad)
("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within (5) days after receiving notice of this Order, providing services to Defendants,
Defendants' User Accounts and Defendants' Merchant Storefronts, including, without

limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C.   IT IS HEREBY ORDERED, as the Plaintiff has established that the following product as pictured below is the subject of a federally registered Copyright for the Plaintiff's Pig Face Sculpture;



consequently sufficient cause has been shown, that, upon Plaintiff's request, within no later than five (5) calendar days of Plaintiff's request: all online marketplaces, including but not limited to, Amazon.com, ebay.com, aliexpress.com, Walmart.com, and wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar, to the Pig Face Sculpture, whether sold by the Defendant or other persons or entities.

## II. Order to Show Cause Why a Preliminary Injunction Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, the U.S. Courthouse, **by ZoomGov** on the _6th_ day of ___June, 2023___ at ___10:00 a.m.

appropriate, why a preliminary injunction, pursuant to FRCP 65(a), should not issue. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.**

     B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Ference & Associates LLC at 409 Broad Street, Pittsburgh, Pennsylvania 15143 before June 1, 2023.

     C. After Plaintiff's counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiff shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.  In addition, Plaintiff shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and documents filed in this action on a website designated by Plaintiff,[6] and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.  Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiff or by other means reasonably calculated to give notice which is permitted by the Court.

---

[6]    Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order.  *Pate v. Gov't of the Virgin Islands*, 2015 WL 1937701 n.9 (VI Sup. Ct. April 17, 2015); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

## III. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

    (1) Plaintiff may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

    (2) Plaintiff may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

    (3) Plaintiff may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their

- 13 -

possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiff's Work in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, and any products which use Plaintiff's Work.

### V. Security Bond

IT IS FURTHER ORDERED that Plaintiff shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of **$5,000.00** dollars with the Clerk of the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

**VI. Summons**

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of "MAPLE LEAVES and all other Defendants identified in the Complaint" that will apply to all Defendants.

SO ORDERED,
this 2nd day of May, 2023.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

# Schedule "A"
## Defendants with Store Name and Seller ID

| Defendant No. | Defendant Store/Name | Seller ID |
|---|---|---|
| 1 | Maple leaves | 101189006 |
| 2 | GZSMUXINCo.ltd | 101294562 |
| 3 | Amisha24 | A5ROIGUNT3TM5 |
| 4 | gengguoqing | AKRD14LIX97YO |
| 5 | Hagrid's Toolbox | A1V386H9WOR1CB |
| 6 | Hcdsdf | A3J99Q9NTLUNO6 |
| 7 | hefeiraowenzoushangmaoyouxiangongsi | A2M14SF02PV6VO |
| 8 | HUAZHIMU JP | A12N5VF52720CY |
| 9 | huocuowenhuachuanmeiyouxiangongsi | AJWVGIMPL7LGA |
| 10 | JiaChong | A2RLCODOXA3WJC |
| 11 | jiangyuzhuo | A37SXHZM7B2Z3Y |
| 12 | Kamehame | A2DJ2YGIO50FAT |
| 13 | keji-shop | AYS5T9G3GKUDI |
| 14 | LiuAnJinZuoXinXiKeJiYouXianGongSi | A9FYGA0MEYH41 |
| 15 | LOhgd | A128JD1HCS7T00 |
| 16 | LuJieKe | A371LNTNVQW7WQ |
| 17 | malishop | A1VGI2QEDZFB9B |
| 18 | mianxianyihejinbaihuodian | ATIKEOW1UO9IC |
| 19 | nDFYk | A2P6647ZG5HGL4 |
| 20 | New Religion | AYJ55WZO43GQM |
| 21 | poijmn | A2F3KT7ODW7NBE |
| 22 | QMFDK | A1CAO9BNYYN5B5 |
| 23 | SENJUE1205US | A2BE7GKGO5WS5Q |
| 24 | Shegoal | A1RQBBB2CYPGX3 |
| 25 | SHOPANTS | A70JLRWVO2Q97 |
| 26 | TAOYANGJIN | A3PA4BK4HZ4EMI |
| 27 | wenjuandedian | A3O5LHP10PYXPR |
| 28 | WuDiWoAiWoJia | A1BOCOMN1OCJ4Z |
| 29 | XiangYueShangMao | A3T88YIE6O1GBR |
| 30 | YEGHSS | A2N0AKE47HFXQC |
| 31 | YuXianZhanWangShangMaoZhongXin | A18OGFT0PPM1B8 |
| 32 | zhuleStore | A307IK46Y0UQIP |
| 33 | ZiBoYueYingDianZiShangWuFuWuBu | A1F99CIVU6X43S |
| 34 | Zinkin Store | A27JFJDHIXBWN2 |

| Defendant No. | Defendant Store/Name | Seller ID |
|---|---|---|
| 35 | basyo99 | 285192500815, 285192500810 |
| 36 | brijeskishop | 193841367261 |
| 37 | chck-stores | 394526294811 |
| 38 | chja-7217 | 304768071748 |
| 39 | clwij0 | 394450407024 |
| 40 | dvr_14_8 | 404222392754 |
| 41 | jokotingkir-ngombedawet | 295413065815 |
| 42 | mellberl0 | 354659404988 354659404970 |
| 43 | nitesda | 374576916424 |
| 44 | oferizhaki | 144880277096 |
| 45 | patelyaseen | 144975721095 |
| 46 | priyantha_web_store | 354480070884 |
| 47 | rajasat-0 | 385479098923 |
| 48 | riwar_6162 | 404206729043 |
| 49 | val548320 | 394463815007 |
| 50 | yechiel_store5 | 204287530381 |

IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIFTY HOME PRODUCTS, INC., | CIVIL ACTION NO. |
| Plaintiff, | 23-cv-687 |
| v. | Judge Schwab |
| MAPLE LEAVES, *et al*., | **FILED UNDER SEAL** |
| Defendants. | |

## ORDER ON PLAINTIFF'S EX PARTE MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

AND NOW, this 28th day of April, 2023, upon consideration of Plaintiff's Ex Parte Motion for an Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3),

IT IS HEREBY ORDERED that said Motion is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs are authorized to make alternative service of the Summonses, the Complaint, any discovery, and all filings in this matter upon each Defendant in this action, as follows:

1. via e-mail by providing the address to Plaintiffs' designated website to Defendants via (i) the e-mail accounts provided by Defendants as part of the data related to their respective e-commerce stores, or (ii) the e-commerce marketplace for each of the e-commerce stores, or

2. via website publication by posting copies of the Summonses, Complaint, any Discovery, and all filings in this matter on Plaintiff's designated website on www.ferencelawsuit.com.

_____
United States District Judge

cc  Stanley D. Ference III, Esq.
    courts@ferencelaw.com
    Brian Samuel Malkin, Esq.
    bmalkin@ferencelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIFTY HOME PRODUCTS INC., | Civil Action No. |
| Plaintiff, | 23-cv-687 |
| v. | (Judge Schwab) |
| MAPLE LEAVES, *et al.*, | |
| Defendants. | |

### [PROPOSED] PRELIMINARY INJUNCTION ORDER

Whereas on April 26, 2023, Plaintiff filed an *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts[1]; 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"), in light of the Defendant's intentional and willful offering for sale and sales of knock-off and infringing products.[2] ("Application").

---

[1]     As defined in the Complaint, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

[2]     As alleged in the Complaint, Defendants are Defendants are using without authorization Plaintiff's copyrighted sculpture ("Plaintiff's Work"), while promoting, selling, offering for sale and distributing knock-offs of Plaintiff's Product in a willful attempt to pass off their knock-off products as genuine versions of Plaintiff's Products within this district and throughout the United States by operating e-commerce stores established at least via the Internet marketplace websites Amazon.com, wish.com, Walmart.com, aliexpress.com, and eBay.com under their Store Names and Seller Names identified on Schedule "A" hereto (the "Seller IDs").

Whereas, on that same day, Plaintiff filed an Ex Parte Motion for an Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3);

Whereas on April 28, 2023, the Court entered the following Orders:

(A) (1) a temporary restraining order; (2) an order restraining assets and Merchant Storefronts, (3) an order to show cause why a preliminary injunction should not issue against all of the Defendants identified on the attached **Schedule "A"**, and Amazon ("TRO"); and

(B) Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("the Alternative Service Order");

Whereas on May 1, 2023, the TRO was amended and extended to add an order for expedited discovery as originally moved by the Plaintiff on April 28, 2023, upon Plaintiff's motion and good cause shown; and

WHEREAS, pursuant to the terms of the Alternative Service Order, the Defendants have been served with notice of this Show Cause Hearing and none have entered an appearance or filed on opposition to the Show Cause Order. Further, none of the Third Party Service Provider(s) or Financial Institution(s) have entered an appearance or filed an opposition to the Show Cause Order.

## I.     Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, the injunctive relief previously granted on April 28, 2023, shall remain in place through the pendency of this litigation, and issuing this Preliminary Injunction (hereafter "PI Order") is warranted under FRCP 65, and 17 U.S.C. § 502.

Accordingly, each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Work in connection with the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's Work;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[3] Merchant Storefronts[4] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or

---

[3]     As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, eBay.com, Aliexpress.com, Walmart.com, and wish.com as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[4]     As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue use of the Plaintiff's Work within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC d/b/a Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"), eBay, Inc. d/b/a eBay.com ("eBay"), Walmart.com USA LLC and Walmart, Inc. ("Walmart"), and Context Logic, Inc d/b/a wish.com ("Wish") ("Third

4

Party Service Provider(s)''), Walmart Pay operated by Wal-Mart.com USA, LLC and AliPay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal") ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[5]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provider Plaintiff's counsel with all data that

---

[5]  This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third Party Service Providers and Financial Institutions and that the additionally discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

details (i) an accounting of the total funds restrained and identifies the financial

account(s) which the restrained funds are related to, and (ii) the account transactions

related to all funds transmitted into financial account(s) which have been restrained. Such

restraining of the funds and the disclosure of the related financial institution account

information shall be made without notice to the account holders, until after those

accounts are restrained. No funds restrained by this Order shall be transferred or

surrendered by any Third Party Service Provider or Financial Institution for any purpose

(other than pursuant to a chargeback made pursuant to that Third Party Service Provider

or Financial Institution's security interest in the funds) without express authorization of

this Court;

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this

Order, including but not limited to the Third Party Service Provider(s) and Financial

Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory

assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory,

possession, custody, or control, and hold such goods in trust for the Court during

pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts,

and any other seller identification names, Accounts or Merchant Storefronts, Third Party

Service Provider or Financial Institution accounts which are being used by Defendants

for the purpose of infringing the Plaintiff's' Work;

(12) Defendants and all financial institutions, payment processors, banks, escrow services,

money transmitters, or marketplace platforms, including but not limited to the Third Party

6

Service Provider(s) and the Financial Institution(s), subject to this Order may petition the

Court to modify the asset restraint set out in this Order; and

(13) this Order shall remain in effect until such further order issued by the Court or stipulated

to by the parties.

B.   IT IS HEREBY ORDERED, as sufficient cause has been shown, that:

(1)   Amazon shall be restrained and enjoined, from processing payments for any products

listed under the following Amazon Standard Identification Numbers (ASINs):

B07DW6MZWL (red BACON BIN®), B07F1F6RQH (pink BACON BIN®),

(B07HJX4646 –red  twin pack BACON BIN®), and B07HJSB44L (red BACON BIN®

with a hot pad), by any Seller that has not been authorized by Plaintiff, Plaintiff shall

provide notice to Amazon of Plaintiff's authorized sellers;

(2) upon Plaintiff's request, Amazon shall remove listings and/or advertisements for any

product that Plaintiff identifies as unfairly competing, and/or is advertised with any of the

Plaintiff's copyrighted images or sculpture, with Plaintiff's BACON BIN® grease

container, and which has been identified as shipping from, or as originating from, outside

the United States, by suspending, tombstoning, and/or deleting, the identified listing (i.e.,

preventing a seller from listing for sale under the identified ASIN);

(3) the Third Party Service Providers and Financial Institutions,[6] are hereby restrained

secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying

---

[6]   As defined, *supra*, Financial Institutions, include, any banks, financial institutions, credit card companies and payment processing agencies, such as AliPay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, Context Logic, Inc. d/b/a wish.com, and PayPal, Inc. d/b/a paypal.com ("PayPal")., and Walmart Pay operated by Wal-Mart.com USA, LLC other companies or agencies that engage in the processing or transfer of money and/or real or personal property of any Defendant.

Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

C.     IT IS HEREBY ORDERED, as sufficient cause has been shown,

  (1)     that no funds restrained by this Order shall be transferred or surrendered by Third Party Service Providers or Financial Institutions, for any purpose (other than pursuant to a chargeback made pursuant to their respective security interest in the funds) without express authorization of this Court or Plaintiff's counsel.

  (2)     Any Third Party Service Provider or Financial Institution or any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

  (3)     This Order shall remain in effect until such further dates as set by the Court or stipulated by the parties.

D.    IT IS HEREBY ORDERED, as the Plaintiff has established that the following product as pictured below is the subject of a federally registered Copyright for the Plaintiff's Pig Face Sculpture;



consequently sufficient cause has been shown, that, upon Plaintiffs' request, within no later than five (5) calendar days of Plaintiffs' request: all online marketplaces, including but not limited to, Amazon.com, ebay.com, aliexpress.com, and Walmart.com, wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar, to the Pig Face Sculpture, whether sold by the Defendant or other persons or entities.

## II. Order Authorizing Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown through Defendants' failure to: respond, participate in the ordered Rule 26(f) conference, and appear at the show cause hearing on July 19, 2021, Plaintiff may propound discovery upon Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) of service, to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, to the extent not previously provided, all Third Party Service Providers and Financial Institutions shall provide to Plaintiff's counsel all

9

documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1)    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

(2)    the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3)    the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4).    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of products which use Plaintiff's Mark, and/or Plaintiff's Trade Dress and/or Plaintiff's Works, and/or works substantially similar to Plaintiff's Works.

### III. Security Bond

IT IS FURTHER ORDERED, the $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

**SO ORDERED.**

SIGNED June 6, 2023
Pittsburgh, Pennsylvania

_____
Arthur J. Schwab
United States District Judge

cc  Stanley D. Ference III, Esq.
courts@ferencelaw.com
Brian Samuel Malkin, Esq.
bmalkin@ferencelaw.com

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant No. | Seller Store/Name | Seller ID |
|---|---|---|
| 1 | Maple leaves | 101189006 |
| 2 | GZSMUXINCo.ltd | 101294562 |
| 3 | Amisha24 | A5ROIGUNT3TM5 |
| 4 | gengguoqing | AKRD14LIX97YO |
| 5 | Hagrid's Toolbox | A1V386H9WOR1CB |
| 6 | Hcdsdf | A3J99Q9NTLUNO6 |
| 7 | hefeiraowenzoushangmaoyouxiangongsi | A2M14SF02PV6VO |
| 8 | HUAZHIMU JP | A12N5VF52720CY |
| 9 | huocuowenhuachuanmeiyouxiangongsi | AJWVGIMPL7LGA |
| 10 | JiaChong | A2RLCODOXA3WJC |
| ▉ | ▉ | ▉ |
| 12 | Kamehame | A2DJ2YGIO50FAT |
| 13 | keji-shop | AYS5T9G3GKUDI |
| 14 | LiuAnJinZuoXinXiKeJiYouXianGongSi | A9FYGA0MEYH41 |
| 15 | LOhgd | A128JD1HCS7T00 |
| 16 | LuJieKe | A371LNTNVQW7WQ |
| 17 | malishop | A1VGI2QEDZFB9B |
| 18 | mianxianyihejinbaihuodian | ATIKEOW1UO9IC |
| 19 | nDFYk | A2P6647ZG5HGL4 |
| 20 | New Religion | AYJ55WZO43GQM |
| 21 | poijmn | A2F3KT7ODW7NBE |
| 22 | QMFDK | A1CAO9BNYYN5B5 |
| ▉ | ▉ | ▉ |
| 24 | Shegoal | A1RQBBB2CYPGX3 |
| ▉ | ▉ | ▉ |
| 26 | TAOYANGJIN | A3PA4BK4HZ4EMI |
| 27 | wenjuandedian | A3O5LHP10PYXPR |
| 28 | WuDiWoAiWoJia | A1BOCOMN1OCJ4Z |
| 29 | XiangYueShangMao | A3T88YIE6O1GBR |
| 30 | YEGHSS | A2N0AKE47HFXQC |
| 31 | YuXianZhanWangShangMaoZhongXin | A18OGFT0PPM1B8 |
| 32 | zhuleStore | A307IK46Y0UQIP |
| 33 | ZiBoYueYingDianZiShangWuFuWuBu | A1F99CIVU6X43S |
| 34 | Zinkin Store | A27JFJDHIXBWN2 |
| 35 | basyo99 | 285192500815, 285192500810 |
| 36 | brijeskishop | 193841367261 |
| ▉ | ▉ | ▉ |
| 38 | chja-7217 | 304768071748 |

| 39 | clwij0 | 394450407024 |
|----|--------|--------------|
| 40 | dvr_14_8 | 404222392754 |
| 41 | jokotingkir-ngombedawet | 295413065815 |
| 42 | mellberl0 | 354659404988, 354659404970 |
| 43 | nitesda | 374576916424 |
| ██ | █████████ | ████████ |
| 45 | patelyaseen | 144975721095 |
| ██ | █████████████ | ████████ |
| 47 | rajasat-0 | 385479098923 |
| 48 | riwar_6162 | 404206729043 |
| 49 | val548320 | 394463815007 |
| 50 | yechiel_store5 | 204287530381 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIFTY HOME PRODUCTS INC.,

                    Plaintiff,

v.

MAPLE LEAVES, *et al.*,

                    Defendants.

Civil Action No.

23-cv-687

(Judge Schwab)

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

Whereas on April 26, 2023, Plaintiff filed an *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts[1]; 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"), in light of the Defendant's intentional and willful offering for sale and sales of knock-off and infringing products.[2] ("Application").

---

[1] As defined in the Complaint, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

[2] As alleged in the Complaint, Defendants are Defendants are using without authorization Plaintiff's copyrighted sculpture ("Plaintiff's Work"), while promoting, selling, offering for sale and distributing knock-offs of Plaintiff's Product in a willful attempt to pass off their knock-off products as genuine versions of Plaintiff's Products within this district and throughout the United States by operating e-commerce stores established at least via the Internet marketplace websites Amazon.com, wish.com, Walmart.com, aliexpress.com, and eBay.com under their Store Names and Seller Names identified on Schedule "A" hereto (the "Seller IDs").

Whereas, on that same day, Plaintiff filed an Ex Parte Motion for an Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3);

Whereas on April 28, 2023, the Court entered the following Orders:

(A) (1) a temporary restraining order; (2) an order restraining assets and Merchant Storefronts, (3) an order to show cause why a preliminary injunction should not issue against all of the Defendants identified on the attached **Schedule "A"**, and Amazon ("TRO"); and

(B) Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("the Alternative Service Order");

Whereas on May 1, 2023, the TRO was amended and extended to add an order for expedited discovery as originally moved by the Plaintiff on April 28, 2023, upon Plaintiff's motion and good cause shown; and

WHEREAS, pursuant to the terms of the Alternative Service Order, the Defendants have been served with notice of this Show Cause Hearing and none have entered an appearance or filed on opposition to the Show Cause Order. Further, none of the Third Party Service Provider(s) or Financial Institution(s) have entered an appearance or filed an opposition to the Show Cause Order.

## I.    <u>Restraining Order</u>

A.  IT IS HEREBY ORDERED, as sufficient cause has been shown, the injunctive relief previously granted on April 28, 2023, shall remain in place through the pendency of this litigation, and issuing this Preliminary Injunction (hereafter "PI Order") is warranted under FRCP 65, and 17 U.S.C. § 502.

2

Accordingly, each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Work in connection with the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's Work;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[3] Merchant Storefronts[4] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or

---

[3]    As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, eBay.com, Aliexpress.com, Walmart.com, and wish.com as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[4]    As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue use of the Plaintiff's Work within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC d/b/a Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"), eBay, Inc. d/b/a eBay.com ("eBay"), Walmart.com USA LLC and Walmart, Inc. ("Walmart"), and Context Logic, Inc d/b/a wish.com ("Wish") ("Third

4

Party Service Provider(s)''), Walmart Pay operated by Wal-Mart.com USA, LLC and AliPay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal") ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[5]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provider Plaintiff's counsel with all data that

---

[5] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third Party Service Providers and Financial Institutions and that the additionally discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

details (i) an accounting of the total funds restrained and identifies the financial

account(s) which the restrained funds are related to, and (ii) the account transactions

related to all funds transmitted into financial account(s) which have been restrained. Such

restraining of the funds and the disclosure of the related financial institution account

information shall be made without notice to the account holders, until after those

accounts are restrained. No funds restrained by this Order shall be transferred or

surrendered by any Third Party Service Provider or Financial Institution for any purpose

(other than pursuant to a chargeback made pursuant to that Third Party Service Provider

or Financial Institution's security interest in the funds) without express authorization of

this Court;

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this

Order, including but not limited to the Third Party Service Provider(s) and Financial

Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory

assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory,

possession, custody, or control, and hold such goods in trust for the Court during

pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts,

and any other seller identification names, Accounts or Merchant Storefronts, Third Party

Service Provider or Financial Institution accounts which are being used by Defendants

for the purpose of infringing the Plaintiff's' Work;

(12) Defendants and all financial institutions, payment processors, banks, escrow services,

money transmitters, or marketplace platforms, including but not limited to the Third Party

6

Service Provider(s) and the Financial Institution(s), subject to this Order may petition the

Court to modify the asset restraint set out in this Order; and

(13) this Order shall remain in effect until such further order issued by the Court or stipulated

to by the parties.

B.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that:

(1)  Amazon shall be restrained and enjoined, from processing payments for any products

listed under the following Amazon Standard Identification Numbers (ASINs):

B07DW6MZWL (red BACON BIN®), B07F1F6RQH (pink BACON BIN®),

(B07HJX4646 –red  twin pack BACON BIN®), and B07HJSB44L (red BACON BIN®

with a hot pad), by any Seller that has not been authorized by Plaintiff, Plaintiff shall

provide notice to Amazon of Plaintiff's authorized sellers;

(2) upon Plaintiff's request, Amazon shall remove listings and/or advertisements for any

product that Plaintiff identifies as unfairly competing, and/or is advertised with any of the

Plaintiff's copyrighted images or sculpture, with Plaintiff's BACON BIN® grease

container, and which has been identified as shipping from, or as originating from, outside

the United States, by suspending, tombstoning, and/or deleting, the identified listing (i.e.,

preventing a seller from listing for sale under the identified ASIN);

(3) the Third Party Service Providers and Financial Institutions,[6] are hereby restrained

secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying

---

[6]   As defined, *supra*, Financial Institutions, include, any banks, financial institutions, credit card companies and
payment processing agencies, such as AliPay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments, Inc.
d/b/a pay.amazon.com, Context Logic, Inc. d/b/a wish.com, and PayPal, Inc. d/b/a paypal.com ("PayPal")., and
Walmart Pay operated by Wal-Mart.com USA, LLC other companies or agencies that engage in the processing
or transfer of money and/or real or personal property of any Defendant.

Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

C.    IT IS HEREBY ORDERED, as sufficient cause has been shown,

(1)    that no funds restrained by this Order shall be transferred or surrendered by Third Party Service Providers or Financial Institutions, for any purpose (other than pursuant to a chargeback made pursuant to their respective security interest in the funds) without express authorization of this Court or Plaintiff's counsel.

(2)    Any Third Party Service Provider or Financial Institution or any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(3)    This Order shall remain in effect until such further dates as set by the Court or stipulated by the parties.

D. IT IS HEREBY ORDERED, as the Plaintiff has established that the following product as pictured below is the subject of a federally registered Copyright for the Plaintiff's Pig Face Sculpture;

8



consequently sufficient cause has been shown, that, upon Plaintiffs' request, within no later than five (5) calendar days of Plaintiffs' request: all online marketplaces, including but not limited to, Amazon.com, ebay.com, aliexpress.com, and Walmart.com, wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar, to the Pig Face Sculpture, whether sold by the Defendant or other persons or entities.

## II. Order Authorizing Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown through Defendants' failure to: respond, participate in the ordered Rule 26(f) conference, and appear at the show cause hearing on July 19, 2021, Plaintiff may propound discovery upon Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) of service, to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, to the extent not previously provided, all Third Party Service Providers and Financial Institutions shall provide to Plaintiff's counsel all

9

documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1)     any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

(2)     the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3)     the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4).     Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of products which use Plaintiff's Mark, and/or Plaintiff's Trade Dress and/or Plaintiff's Works, and/or works substantially similar to Plaintiff's Works.

### III. Security Bond

IT IS FURTHER ORDERED, the $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

10

**SO ORDERED.**

SIGNED June 6, 2023
Pittsburgh, Pennsylvania

Arthur J. Schwab
United States District Judge

cc  Stanley D. Ference III, Esq.
    courts@ferencelaw.com
    Brian Samuel Malkin, Esq.
    bmalkin@ferencelaw.com

11

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant No. | Seller Store/Name | Seller ID |
|---|---|---|
| 1 | Maple leaves | 101189006 |
| 2 | GZSMUXINCo.ltd | 101294562 |
| 3 | Amisha24 | A5ROIGUNT3TM5 |
| 4 | gengguoqing | AKRD14LIX97YO |
| 5 | Hagrid's Toolbox | A1V386H9WOR1CB |
| 6 | Hcdsdf | A3J99Q9NTLUNO6 |
| 7 | hefeiraowenzoushangmaoyouxiangongsi | A2M14SF02PV6VO |
| 8 | HUAZHIMU JP | A12N5VF52720CY |
| 9 | huocuowenhuachuanmeiyouxiangongsi | AJWVGIMPL7LGA |
| 10 | JiaChong | A2RLCODOXA3WJC |
| ■ | ■ | ■ |
| 12 | Kamehame | A2DJ2YGIO50FAT |
| 13 | keji-shop | AYS5T9G3GKUDI |
| 14 | LiuAnJinZuoXinXiKeJiYouXianGongSi | A9FYGA0MEYH41 |
| 15 | LOhgd | A128JD1HCS7T00 |
| 16 | LuJieKe | A371LNTNVQW7WQ |
| 17 | malishop | A1VGI2QEDZFB9B |
| 18 | mianxianyihejinbaihuodian | ATIKEOW1UO9IC |
| 19 | nDFYk | A2P6647ZG5HGL4 |
| 20 | New Religion | AYJ55WZO43GQM |
| 21 | poijmn | A2F3KT7ODW7NBE |
| 22 | QMFDK | A1CAO9BNYYN5B5 |
| ■ | ■ | ■ |
| 24 | Shegoal | A1RQBBB2CYPGX3 |
| ■ | ■ | ■ |
| 26 | TAOYANGJIN | A3PA4BK4HZ4EMI |
| 27 | wenjuandedian | A3O5LHP10PYXPR |
| 28 | WuDiWoAiWoJia | A1BOCOMN1OCJ4Z |
| 29 | XiangYueShangMao | A3T88YIE6O1GBR |
| 30 | YEGHSS | A2N0AKE47HFXQC |
| 31 | YuXianZhanWangShangMaoZhongXin | A18OGFT0PPM1B8 |
| 32 | zhuleStore | A307IK46Y0UQIP |
| 33 | ZiBoYueYingDianZiShangWuFuWuBu | A1F99CIVU6X43S |
| 34 | Zinkin Store | A27JFJDHIXBWN2 |
| 35 | basyo99 | 285192500815, 285192500810 |
| 36 | brijeskishop | 193841367261 |
| ■ | ■ | ■ |
| 38 | chja-7217 | 304768071748 |

| 39 | clwij0 | 394450407024 |
| 40 | dvr_14_8 | 404222392754 |
| 41 | jokotingkir-ngombedawet | 295413065815 |
| 42 | mellberl0 | 354659404988, 354659404970 |
| 43 | nitesda | 374576916424 |
| █ | █ | █ |
| 45 | patelyaseen | 144975721095 |
| █ | █ | █ |
| 47 | rajasat-0 | 385479098923 |
| 48 | riwar_6162 | 404206729043 |
| 49 | val548320 | 394463815007 |
| 50 | yechiel_store5 | 204287530381 |