# EXHIBIT 7

JUDGE VYSKOCIL

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Smart Study Co., Ltd.*

20 CV 01733

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMART STUDY CO., LTD., <br><br> *Plaintiff* <br><br> v. <br><br> A PLEASANT TRIP STORE, ANGELBABY TOY STORE, AYAKIDS STORE, BA BA STORE, BABY PARTY CO., LTD STORE, BAI DU STORE, BALALA BABY CHILD STORE, BAODING QIANGUYI JEWELRY DESIGN CO., LTD., BRILLIANT CHEERFUL LIFE STORE, CHAOZHOU CHAO'AN YILUGAOFEI BALLOON CO., LTD., CHAOZHOU SIMAIER TRADING CO., LTD., CR COLOURFUL STORE, CREATIVEBEAD GARMENT ACCESSORIES CO., LTD., DAN K STORE, DGFSTM STORE, DONGGUAN CITY XINZHONG ELECTRONIC COMMERCE CO., LIMITED, DONGGUAN KINSHUN PACKING MATERIALS CO., LTD., DONGGUAN NUOSHENG ELECTRONIC TECHNOLOGY CO., LTD., FESTIVE & PARTY SUPPLIES ARTS STORE, FOSHAN WELLWIDE APPAREL CO., LTD., FUZHOU NICROLANDEE ARTS & CRAFTS CO., LTD., FUZHOU PARTYCOOL TRADING CO., LTD., GANSU BIXI INTERNATIONAL TRADING CO., LTD., GANZHOU MANLIAN CARTOON CO., LTD., GOLDBAYCE FACTORY STORE, GUANGDONG YAZHEN TECHNOLOGY DEV. CO., LTD, GUANGZHOU DADIOUS BABY CO., | Civil Case No.: <br><br> **[PROPOSED] 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** <br><br> **FILED UNDER SEAL** |

LTD., GUANGZHOU FENGCAI CO., LTD., GUANGZHOU HUABO INTERNATIONAL TRADE CO., LTD., GUANGZHOU IFUN TOYS CO., LIMITED, GUANGZHOU RUNNING FUN TOYS CO., LIMITED, GUANGZHOU SANGUI INTERNATIONAL TRADE CO., LTD., GUANGZHOU SUPERCUTELAND COMMODITY CO., LTD., HANGZHOU AUWIN TRADING CO., LIMITED, HANGZHOU EASTERNHOPE ARTS & CRAFTS CO., LTD., HANGZHOU FANXIANG E-COMMERCE CO., LTD., HANGZHOU JINGMAI NETWORK TECHNOLOGY CO., LTD., HANGZHOU OWNER PARTY CO., LTD., HANGZHOU YOULAIKE CRAFTS CO., LTD., HEHOM STORE, HENAN BAIDI E-COMMERCE CO., LTD., HUARUITENG PARTY SUPPLIES STORE, JANNA STORE, JIANGSU CREATE SKY INTERNATIONAL LTD., JIANGXI XIETAI PRINTING CO., LTD., JILIN ZHENGFENG TRADING CO., LTD., JINTONG STORE, KU PAI99 STORE, MOSNI ANIMEFIGURE STORE, NINGBO H&W SPORTING GOODS CO., LTD., NINGBO JIANGBEI TONSIN CRAFTS FACTORY, NINGBO RAINDOL TRADING CO., LTD., NINGBO YINZHOU SINOMAKER IMPORT AND EXPORT CO., LTD., OUR WARM DIRECT STORE, OURWARM HOMEDECORATION STORE, PARTY SUPPLIER STORE, PARTY/WEDDING DECOR STORE, PARTY520 STORE, PHOTO BACKGROUND PROP STORE, PUJIANG MEIRUI CRYSTAL CO., LTD., QIMINGXING STORE, QUANZHOU DISEN IMP.& EXP. CO., LTD., QUANZHOU JUYU BAGS CO., LTD., QUANZHOU LINGKE BAGS CO., LIMITED, SHANGHAI FUNKEY TOY CO., LTD., SHANGHAI GRAVIM INDUSTRIAL CO., LTD., SHANGHAI ZHEYI TRADING CO., LTD., SHANTOU ASIAN ELEPHANT TOYS FACTORY, SHANTOU CHENGHAI TODAY TRADING FIRM, SHANTOU WELLFA PRINT & PACK CO., LTD., SHAOXING CITY JIUZHAN IMP & EXP TRADE CO., LTD., SHEN MA STORE, SHENSHUWEN LITTLEGIRL STORE, SHENZHEN DCMD CULTURAL GOODS CO., LTD., SHENZHEN KING AND KING SPORTS GOODS CO., LTD., SHENZHEN LISA GIFTS CO., LIMITED, SHENZHEN REIANS TRADING CO., LTD., SHENZHEN SKY CITY PRINTING CO., LTD., SHENZHEN WOTI TRADE LIMITED,

SHOP2850021 STORE, SHOP5102067 STORE, SHOP5253226 STORE, SHOP5372342 STORE, SHOP5427103 STORE, SHOP5432265 STORE, SHOP5477028 STORE, SHOP5481031 STORE, SUPERCAITLYN STORE, SUPERGRAVES STORE, SUPERNAMI STORE, SUPERNAUTILUS STORE, SUPERY PARTY STORE, SUZHOU LINYE TEXTILE CO., LTD., TAIZHOU LIANGYUAN TOYS CO., LTD., TAIZHOU UNION TIME IMP&EXP CO., LTD., TIAN MA STORE, TIANJIN BESTDAN TRADING CO., LTD., T-SHIRT01 STORE, XIAMEN ECSON TECHNOLOGY CO., LTD., XIAMEN KYOKDA TRADE CO., LTD., XIAMEN PALMY IMPORT & EXPORT CO., LTD., XIAMEN STONE INDUSTRIAL AND TRADING CO., LTD., XIAMEN UMISS MANUFACTURING AND TRADING CO., LTD., XI'AN NAMAY CRAFTS CO., LTD., XI'AN SILK ROAD CRAFTS CO., LTD., XINZHAO STORE, XIONGXIAN YANGYUE LATEX PRODUCT CO., LTD., YANGZHOU CHAOMAN CULTURAL MEDIA CO., LTD., YIWU BANYAN E-COMMERCE CO., LTD., YIWU BOKUN GARMENT CO., LTD., YIWU CHAOLA CLOTHING CO., LTD., YIWU CHENWANG TRADING CO. LTD, YIWU CITY JO TOYS CO., LTD., YIWU CITY NOVELTY PARTY CRAFTS CO., LTD., YIWU CITY PAFU CRAFT & GIFT CO., LTD., YIWU CITY QING LI GARMENT CO., LTD., YIWU DOLIKE CLOTHING CO., LTD., YIWU FANBAI IMPORT AND EXPORT CO., LTD., YIWU FENGQING TOY CO., LTD., YIWU FOBALLOON TRADING CO., LTD., YIWU GUANGCUI JEWELRY FACTORY, YIWU HAOLV TOYS CO., LTD., YIWU HAWIN TOYS CO., LTD., YIWU HERUI E-COMMERCE COMPANY LIMITED, YIWU HINTCAN TRADE CO., LTD., YIWU HONGXING TOYS CO., LTD., YIWU HT BALLOON CO., LTD., YIWU HUIRAN CRAFTS CO., LTD., YIWU JINGDUN TRADING CO., LTD., YIWU KAYSAI TOYS CO., LTD., YIWU LAIDY APPAREL FIRM, YIWU LEILING IMPORT & EXPORT CO., LTD., YIWU MARDAV COMMODITY CO., LTD., YIWU MEIYA JEWELRY FACTORY, YIWU MIQI TRADING CO., LTD., YIWU NINGSU E-COMMERCE CO., LTD., YIWU POSHPRINCESS GARMENT CO., LTD., YIWU QIDA ELECTRONIC CO., LTD., YIWU SHARESHINE TRADING CO., LTD., YIWU SHUYUN TRADING CO., LTD., YIWU SIBAISHUO IMPORT AND

EXPORT CO., LTD., YIWU TINGHONG IMPORT AND EXPORT CO., LTD., YIWU XUAN HUI TEXTILE CO., LTD., YIWU YAWOO CLOTHING CO., LTD., YIWU YOUTENG PAPER CRAFTS CO., LTD., YIWU ZEDAN GARMENT CO., LTD., YIWU ZHOUTING TRADE CO., LTD., YONGKANG YUEXIU INDUSTRY & TRADE CO., LTD., YR BABY STORE, YUAILIUR STORE, ZAOZHUANG HAPPY BEAR CRAFTS CO., LTD., ZHANGZHOU CALLFENY PAPER CRAFT CO., LTD., ZHANGZHOU RAYSUN CO., LTD., ZHEJIANG XIELI SCIENCE AND TECHNOLOGY CO., LTD., ZHEJIANG YADU IMPORT & EXPORT CO., LTD. AND ZHEJIANG YANXIA ART&CRAFT CO., LTD.,

*Defendants*

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Smart** | Smart Study Co., Ltd. |
| **Defendants** | A Pleasant trip Store, Angelbaby Toy Store, Ayakids Store, ba ba Store, Baby party co., LTD Store, bai du Store, BALALA BABY CHILD Store, Baoding Qianguyi Jewelry Design Co., Ltd., Brilliant Cheerful Life Store, Chaozhou Chao'an Yilugaofei Balloon Co., Ltd., Chaozhou Simaier Trading Co., Ltd., CR Colourful Store, Creativebead Garment Accessories Co., Ltd., dan k Store, Dgfstm Store, Dongguan City Xinzhong Electronic Commerce Co., Limited, Dongguan Kinshun Packing Materials Co., Ltd., Dongguan Nuosheng Electronic Technology Co., Ltd., Festive & Party Supplies Arts Store, Foshan Wellwide Apparel Co., Ltd., Fuzhou Nicrolandee Arts & Crafts Co., Ltd., Fuzhou Partycool Trading Co., Ltd., Gansu Bixi International Trading Co., Ltd., Ganzhou Manlian Cartoon Co., Ltd., Goldbayce Factory Store, Guangdong Yazhen Technology Dev. Co., Ltd, Guangzhou Dadious Baby Co., Ltd., Guangzhou Fengcai Co., Ltd., Guangzhou Huabo International Trade Co., Ltd., Guangzhou Ifun Toys Co., Limited, Guangzhou Running Fun Toys Co., Limited, Guangzhou Sangui International Trade Co., Ltd., Guangzhou Supercuteland Commodity Co., Ltd., Hangzhou Auwin Trading Co., Limited, Hangzhou Easternhope Arts & Crafts Co., Ltd., Hangzhou Fanxiang E-Commerce Co., Ltd., Hangzhou Jingmai Network Technology Co., Ltd., Hangzhou Owner Party Co., Ltd., Hangzhou Youlaike Crafts Co., Ltd., Hehom Store, Henan Baidi E-Commerce Co., Ltd., HuaRuiTeng Party Supplies Store, Janna Store, Jiangsu Create Sky International Ltd., Jiangxi Xietai Printing Co., Ltd., Jilin Zhengfeng Trading Co., Ltd., Jintong Store, ku pai99 Store, Mosni AnimeFigure Store, Ningbo H&W Sporting Goods Co., Ltd., Ningbo Jiangbei Tonsin Crafts Factory, Ningbo Raindol Trading Co., Ltd., Ningbo Yinzhou Sinomaker Import And Export Co., Ltd., Our Warm Direct Store, ourwarm HomeDecoration Store, Party Supplier Store, party/wedding Decor Store, party520 Store, Photo Background Prop Store, Pujiang Meirui Crystal Co., Ltd., qimingxing Store, Quanzhou Disen Imp.& Exp. Co., Ltd., Quanzhou Juyu Bags Co., Ltd., Quanzhou Lingke Bags Co., Limited, Shanghai Funkey Toy Co., Ltd., Shanghai Gravim Industrial Co., Ltd., Shanghai Zheyi Trading Co., Ltd., Shantou Asian Elephant Toys |

Factory, Shantou Chenghai Today Trading Firm, Shantou Wellfa Print & Pack Co., Ltd., Shaoxing City Jiuzhan Imp & Exp Trade Co., Ltd., shen ma Store, ShenShuWen littlegirl Store, Shenzhen DCMD Cultural Goods Co., Ltd., Shenzhen King And King Sports Goods Co., Ltd., Shenzhen Lisa Gifts Co., Limited, Shenzhen Reians Trading Co., Ltd., Shenzhen Sky City Printing Co., Ltd., Shenzhen Woti Trade Limited, Shop2850021 Store, Shop5102067 Store, Shop5253226 Store, Shop5372342 Store, Shop5427103 Store, Shop5432265 Store, Shop5477028 Store, Shop5481031 Store, superCaitlyn Store, SuperGraves Store, SuperNami Store, SuperNautilus Store, Supery Party Store, Suzhou Linye Textile Co., Ltd., Taizhou Liangyuan Toys Co., Ltd., Taizhou Union Time Imp&Exp Co., Ltd., tian ma Store, Tianjin Bestdan Trading Co., Ltd., t-shirt01 Store, Xiamen Ecson Technology Co., Ltd., Xiamen Kyokda Trade Co., Ltd., Xiamen Palmy Import & Export Co., Ltd., Xiamen Stone Industrial And Trading Co., Ltd., Xiamen Umiss Manufacturing And Trading Co., Ltd., Xi'an Namay Crafts Co., Ltd., Xi'an Silk Road Crafts Co., Ltd., XinZhao Store, Xiongxian Yangyue Latex Product Co., Ltd., Yangzhou Chaoman Cultural Media Co., Ltd., Yiwu Banyan E-Commerce Co., Ltd., Yiwu Bokun Garment Co., Ltd., Yiwu Chaola Clothing Co., Ltd., Yiwu Chenwang Trading CO. LTD, Yiwu City JO Toys Co., Ltd., Yiwu City Novelty Party Crafts Co., Ltd., Yiwu City Pafu Craft & Gift Co., Ltd., Yiwu City Qing Li Garment Co., Ltd., Yiwu Dolike Clothing Co., Ltd., Yiwu FanBai Import And Export Co., Ltd., Yiwu Fengqing Toy Co., Ltd., Yiwu Foballoon Trading Co., Ltd., Yiwu Guangcui Jewelry Factory, Yiwu Haolv Toys Co., Ltd., Yiwu Hawin Toys Co., Ltd., Yiwu Herui E-Commerce Company Limited, Yiwu Hintcan Trade Co., Ltd., Yiwu Hongxing Toys Co., Ltd., Yiwu HT Balloon Co., Ltd., Yiwu Huiran Crafts Co., Ltd., Yiwu Jingdun Trading Co., Ltd., Yiwu Kaysai Toys Co., Ltd., Yiwu Laidy Apparel Firm, Yiwu Leiling Import & Export Co., Ltd., Yiwu Mardav Commodity Co., Ltd., Yiwu Meiya Jewelry Factory, Yiwu Miqi Trading Co., Ltd., Yiwu Ningsu E-Commerce Co., Ltd., Yiwu Poshprincess Garment Co., Ltd., Yiwu Qida Electronic Co., Ltd., Yiwu Shareshine Trading Co., Ltd., Yiwu Shuyun Trading Co., Ltd., Yiwu Sibaishuo Import And Export Co., Ltd., Yiwu Tinghong Import And Export Co., Ltd., Yiwu Xuan Hui Textile Co., Ltd., Yiwu Yawoo Clothing Co., Ltd., Yiwu Youteng Paper Crafts

| | |
|---|---|
| | Co., Ltd., Yiwu Zedan Garment Co., Ltd., Yiwu Zhouting Trade Co., Ltd., Yongkang Yuexiu Industry & Trade Co., Ltd., YR BABY Store, yuailiur Store, Zaozhuang Happy Bear Crafts Co., Ltd., Zhangzhou Callfeny Paper Craft Co., Ltd., Zhangzhou Raysun Co., Ltd., Zhejiang Xieli Science And Technology Co., Ltd., Zhejiang Yadu Import & Export Co., Ltd. and Zhejiang Yanxia Art&Craft Co., Ltd. |
| Alibaba | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| AliExpress | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| Epstein Drangel | Epstein Drangel LLP, counsel for Plaintiff |
| NAL | New Alchemy Limited, a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms |
| New York Addresses | 20 Cooper Sq. New York, NY 10003; 721 Broadway, New York, NY 10003; 944 Havemeyer Ave, Bronx, NY 10473; |
| Complaint | Plaintiff's Complaint filed on February 27, 2020 |
| Application | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on February 27, 2020 |
| Kang Dec. | Declaration of You Jae Kang in Support of Plaintiff's Application |
| Arnaiz Dec. | Declaration of Jessica Arnaiz in Support of Plaintiff's Application |
| Scully Dec. | Declaration of Brieanne Scully in Support of Plaintiff's Application |
| Baby Shark Content | One of Smart's most successful creations, which is the |

| | |
|---|---|
| | Pinkfong "Baby Shark" song and viral music video with characters |
| **Baby Shark Applications** | U.S. Trademark Serial Application Nos.: 79/253,035 for "BABY SHARK" for a variety of goods in Classes 41, 25, 16 and 9; 88/046,099 for "PINKFONG BABY SHARK" for a variety of goods in Class 28; 79/252,869 for "PINKFONG" for a variety of goods in Class 41; 79/249,403 for "PINKFONG BABY SHARK" for a variety of goods in Classes 24 and 21; and 88/396,786 for "PINKFONG BABY SHARK" for a variety of goods in Class 25 |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos.: 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; and 4,993,122 for "PINKFONG" a variety of goods in Classes 9 and 25 |
| **Baby Shark Marks** | The Baby Shark Registrations and Baby Shark Applications |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot; SR 823-609, covering Baby Shark (Sound Recording and Music); PA 2-142-905, covering Baby Shark (Motion Picture) |
| **Baby Shark Products** | Smart has developed and initiated an extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |

iv

| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
|---|---|
| Defendants' Assets | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| Defendants' Financial Accounts | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| Financial Institutions | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| Third Party Service Providers | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings.  Having reviewed the Application, Declarations of Jessica Arnaiz, You Jae Kang and Brieanne Scully, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

### FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      Smart is a global entertainment company specializing in developing animated and gaming content to deliver high-quality entertainment. Headquartered in Seoul, South Korea, Smart currently has 220 employees and offices in Los Angeles, Shanghai and Hong Kong. Smart has developed award-winning brands including "Pinkfong", "Monster Super League", "JellyKing" and "Tamago Monsters".

2.      Through Smart's preschool brand, Pinkfong, the company produces modern-day songs and stories to provide stimulating and fun learning experiences to children. One of Smart's most successful creations is the Pinkfong "Baby Shark" song and viral music video with characters, which to date has amassed nearly 3.1 billion views on YouTube and debuted at No. 32 on the Billboard Hot 100 Chart.

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

3.      Smart has developed and initiated an extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books and t-shirts associated with and/or related to the BABY SHARK and PINKFONG trademarks and the Baby Shark Content.

4.      While Plaintiff has gained significant common law trademark and other rights in its Baby Shark Content and Baby Shark Products, through use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark registrations.

5.      For example, Plaintiff owns the Baby Shark Marks, including U.S. Trademark Registrations Nos.: 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; and 4,993,122 for "PINKFONG" a variety of goods in Classes 9 and 25. Additionally, Smart is the owner of U.S. Trademark Serial Application Nos.: 79/253,035 for "BABY SHARK" for a variety of goods in Classes 41, 25, 16 and 9; 88/046,099 for "PINKFONG BABY SHARK" for a variety of goods in Class 28; 79/252,869 for "PINKFONG" for a variety of goods in Class 41; 79/249,403 for "PINKFONG BABY SHARK" for a variety of goods in Classes 24 and 21; and 88/396,786 for "PINKFONG BABY SHARK" for a variety of goods in Class 25.

6.      The Baby Shark Marks are currently in use in commerce in connection with the Baby Shark Content and Baby Shark Products.

7.      In addition, Plaintiff also owns the registered copyrights related to the Baby Shark Content and Baby Shark Products. For example, Plaintiff owns the Baby Shark Works, including U.S. Copyright Registrations Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot; SR 823-609, covering Baby Shark (Sound Recording and Music); PA 2-142-905, covering Baby Shark (Motion Picture).

8.    Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Alibaba and AliExpress (*see* **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings);

9.    Defendants are not, nor have they ever been, authorized distributors or licensees of the Baby Shark Products.  Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Baby Shark Works and/or Baby Shark Marks, nor has Plaintiff consented to Defendants' use of marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Baby Shark Works and/or Baby Shark Marks;

10.    Plaintiff is likely to prevail on its Lanham Act, copyright and related common law claims at trial;

11.    As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

a.  Defendants have offered for sale and sold substandard Counterfeit Products that infringe the Baby Shark Works and/or Baby Shark Marks;

b.  Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its Baby Shark Products; and

c.  Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Baby Shark Works and/or Baby Shark Marks, the means of obtaining or

3

manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Baby Shark Works and/or Baby Shark Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Baby Shark Works and/or Baby Shark Marks and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts and Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence;

12.     The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Baby Shark Works and/or Baby Shark Marks and to its reputations if a temporary restraining order is not issued;

13.     Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Baby Shark Works and/or Baby Shark Marks, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Baby Shark Products;

14.     Plaintiff has not publicized its request for a temporary restraining order in any way;

15.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

16.    If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Baby Shark Works and/or Baby Shark Marks.  Therefore, good cause exists for granting Plaintiff's request for an asset restraining order.  It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts.  As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

17.    Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products.  Therefore Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.    Temporary Restraining Order

A.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below:

1)     manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Baby Shark Works and/or Baby Shark Marks and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Baby Shark Works and/or Baby Shark Marks;

2)     directly or indirectly infringing in any manner Plaintiff's Baby Shark Marks and Baby Shark Works;

3)     using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and Baby Shark Works, to identify any goods or service not authorized by Plaintiff;

4)     using Plaintiff's Baby Shark Marks and/or Baby Shark Works and/or any other marks that are confusingly similar to the Baby Shark Marks and/or any other artwork that is substantially similar to the Baby Shark Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5)     using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

6

6)    secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7)    effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

8)    knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) through I(B)(2) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1)    secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

2)    secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other

7

records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3) knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(I) through I(A)(7) and I(B)(1) through I(B)(2) above and I(C)(1) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1) within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

2) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7), I(B)(1) through I(B)(2) and I(C)(1) above.

## II.      Order to Show Cause Why A Preliminary Injunction
Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom 18 C of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on March 19, 2 , 2020 at 3:00 p.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein

8

Drangel LLP at 60 East 42ⁿᵈ Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel

on or before ___March 9___, 2020, *at 4:00 p.m.* Plaintiff shall file any Reply papers on or before

___March 12,___, 2020. *at 4:00 p.m.*

C.  IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.    Asset Restraining Order

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.    Order Authorizing Bifurcated and Alternative Service by Electronic Means

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1)      delivery of: (i) PDF copies of this Order together with the Summons and Complaint, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to

Defendants' e-mail addresses to be determined after having been identified in **Schedule A** or may otherwise be determined; or

2)     delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons in the name of "A Pleasant trip Store and all other Defendants identified in the Complaint" that will apply to all Defendants.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

10

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at legal@pingpongx.com.

### V.  Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

   a.  their true name and physical address;

   b.  the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

    c.   the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

    d.   the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

    e.   the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

a.  account numbers;

b.  current account balances;

c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation,

including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b.  the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with

14

any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Baby Shark Marks and/or Baby Shark Works.

## VI.    **Security Bond**

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of ___$5000.00___ Dollars ( _$5,000_ ) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.    **Sealing Order**

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Jessica Arnaiz, You Jae Kang and Brieanne Scully in support thereof and exhibits attached thereto and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order.

**SO ORDERED.**

SIGNED this __27th__ day of __February__, 2020, at __1:20__ p.m.

Paul A. Engelmayer

UNITED STATES DISTRICT JUDGE

15

# SCHEDULE A

| No. | Defendant | Infringing Listing | Merchant Develop Store | Alipay Account | Email |
|---|---|---|---|---|---|
| 1 | A Pleasant trip Store | https://www.aliexpress.com/item/4000404587764.html | https://www.aliexpress.com/store/3150006 | | |
| 2 | Angelbaby Toy Store | https://www.aliexpress.com/item/1000001129807 2.html | https://www.aliexpress.com/store/5372030 | | amyyjuanguo@163.com |
| 3 | Anabus Store | https://www.aliexpress.com/item/4000105785145.html | https://www.aliexpress.com/store/5062431 | | |
| 4 | Aoki Store | https://www.aliexpress.com/item/4000379602544.html | https://www.aliexpress.com/store/5076167 | | |
| 5 | Baby party co., LTD Store | https://www.aliexpress.com/item/4000370524334.html | https://www.aliexpress.com/store/4085509 | | |
| 6 | bai du Store | https://www.aliexpress.com/item/4000394650439.html | https://www.aliexpress.com/store/5074161 | | |
| 7 | BAJALLA BABY CHILD Store | https://www.aliexpress.com/item/4000164361911.html | https://www.aliexpress.com/store/5008313 | | |
| 8 | Baoding Qingrui Jewelry Design Co., Ltd. | https://www.alibaba.com/product-detail/Baby-Party-Supplies-1st-Birthday_62214059089.html | https://qiangyangfit.en.alibaba.com | | shirley@163ball.com |
| 9 | Brilliant Cheerful life Store | https://www.aliexpress.com/item/4000349506164.html | https://www.aliexpress.com/store/5372342 | | |
| 10 | Chaozhou Chao'an Wuggele Balloon Co., Ltd | https://www.alibaba.com/product-detail/Chrysup-18-inch-round-shape-balloon_62225943548.htm | https://onhyup.en.alibaba.com | | 8214797360@qq.com |
| 11 | Chaozhou Simaier Trading Co., Ltd. | https://www.alibaba.com/product-detail/New-design-birthday-baby-shower-decoration_62187355539.html | https://cmakaalloon.en.alibaba.com | | |
| 12 | CR Colorful Store | https://www.aliexpress.com/item/33547484587.html | | | natalie@yahoo.com |
| 13 | Creativebead Garment Accessories Co., Ltd. | https://www.alibaba.com/product-detail/Baby-shark-Party-Decorations-Birthday-Kids_62235718113.html | https://crsslonfulstore.aliexpress.com/store/3507056 | | |
| | | | https://creativebead.en.alibaba.com | | |
| 14 | dan k Store | https://www.aliexpress.com/item/4000281141501.html | https://www.aliexpress.com/store/4410096 | | kinguoa0001@126.com |
| 15 | Dgtitm Store | https://www.aliexpress.com/item/4000094341159.html | https://www.aliexpress.com/store/3103048 | | |
| 16 | Dongguan City Xiazhong Electronic Commerce Co., | https://www.alibaba.com/product-detail/Shark-Baby-Costume-Kids-Halloween-Costume_62305697782.html | https://greatchildren.en.alibaba.com | | cecelia@liuzhun.com |
| 17 | Dongguan Kimihun Packing Material Co., Ltd. | https://www.alibaba.com/product-detail/Baby-Shark-Table-Cloth-Cartoon-Shark_62295905044.html | https://djpkimihun.en.alibaba.com | | 82995906@qq.com |
| 18 | Dongguan Nuosheng Electronic Technology Co., Ltd | https://www.alibaba.com/product-detail/Cartoon-Birthday-Disposable-Set-Boy-Baby_62125608577.html | https://partylinks.en.alibaba.com | | |
| 19 | Festive & Party Supplies Arts Store | https://www.aliexpress.com/item/4000133783730.html | https://www.aliexpress.com/store/1854705 | | weilwide@21zo.com |
| 20 | Foshan Weilwide Apparel Co., Ltd | https://www.alibaba.com/product-detail/2019-summer-cartoon-shark-design-toddler_62334708328.html | https://weilwide.en.alibaba.com | | |
| 21 | Fuzhou Nicebundee Arts & Crafts Co., Ltd | https://www.alibaba.com/product-detail/Nicee-Blue-Pink-Birthday-OOO-OOO_62201503283.html | https://top-top.en.alibaba.com | | prriaoyang@nicey-party.com |
| 22 | Fuzhou Partycool Trading Co., Ltd. | https://www.alibaba.com/product-detail/17-Pcs-Shark-Baby-Tableware-Kit_62400633660.html | https://partycool.en.alibaba.com | | partycool@163.com |
| 23 | Ganzhou Jinxxie International Trading Co., Ltd. | https://www.alibaba.com/product-detail/wholesale-48-inch-Baby-Shark-Birthday_62306509112.htm | https://jinxxie.en.alibaba.com | | sales01@mhr.cartoon.com; |
| 24 | Ganzhou Minkun Cartoon Co., Ltd. | https://www.alibaba.com/product-detail/Adult-lovely-pink-plush-baby-shark_60318409886.html | https://mkt.en.alibaba.com | | sales02@mhr.cartoon.com; baihengkaitang@sina.com; 9255593738@qq.com; Linda940303@gmail.com |
| 25 | Goldsource Factory Store | https://www.aliexpress.com/item/4000042012200.html | https://www.aliexpress.com/store/1758138 | | sssl@vicchem.com |
| 26 | Guangdong Yazhen Technology Dev. Co., Ltd. | https://www.alibaba.com/product-detail/Custom-kid-s-toy-baby-shark_62248310756.html | https://gdyazhen.en.alibaba.com | | baby04@dailious.com; |
| 27 | Guangzhou Dailious Baby Co., Ltd | https://www.alibaba.com/product-detail/New-Design-Baby-Safe-Plush-Toy_62079377515.html | https://dailious.en.alibaba.com | | vita@dailious.com |
| 28 | Guangzhou Fengcai Co., Ltd. | https://www.alibaba.com/product-detail/kids-gift-animal-backpack-baby-shark_60708443436.html | https://supercute.en.alibaba.com | | mikeha@manufacture.com.cn; pucca_009@hotmail.com |
| 29 | Guangzhou Huabo International Trade Co., Ltd | https://www.alibaba.com/product-detail/Mickey-Paw-Patrol-Frozen-Baby-shark_62344589918.html | https://gzhuabo.en.alibaba.com | | gzhuabo168@163.com |
| 30 | Guangzhou Ilun Toys Co., Limited | https://www.alibaba.com/product-detail/Lovely-Giant-Inflatable-Pink-Fox-Inflatable_62353464275.html | https://iluntoy.en.alibaba.com | | kitty@iluntoys.com; |
| 31 | Guangzhou Runming Fun Toys Co., Limited | https://www.alibaba.com/product-detail/Running-Fun-CE-Lovely-baby-willow_62394237630.html | https://runmingfun.en.alibaba.com | | iluntoinflatable@yahoo.com |
| 32 | Guangzhou Sangui International Trade Co., Ltd. | https://www.alibaba.com/product-detail/Custom-lovely-baby-shark-bags-for_62035824652.html | https://backpackfactory.en.alibaba.com | | info@sanguibag.com |
| 33 | Guangzhou Supercutieland Commodity Co., Ltd. | https://www.alibaba.com/product-detail/Korean-animal-backpack-baby-shark-bag_60641781350.html | https://jonglilong.en.alibaba.com | | supercutieland@supercutieland.com |
| 34 | Hangzhou Aiwen Trading Co., Limited | https://www.alibaba.com/product-detail/Disposable-Table-Decoration-Baby-Shark-Wholesale_62206613373.html | https://hzaiwen.en.alibaba.com | | yydia@hzaiwen.com |
| 35 | Hangzhou Easternhope Arts & Crafts Co., Ltd | https://www.alibaba.com/product-detail/Cute-Baby-Shark-Party-Supplies-Happy_62116301516.html | https://easternhope.en.alibaba.com | | sales03@easternhope.cc |
| 36 | Hangzhou Fanxiang E-Commerce Co., Ltd | https://www.alibaba.com/product-detail/12-guest-Baby-Shark-Party-Paper_62126887846.html | https://nochithink.en.alibaba.com | | jacky@nochithink.com |
| 37 | Hangzhou Jingnai Network Technology Co., Ltd. | https://www.alibaba.com/product-detail/wholesale-3D-Printing-Cute-Unicorn-Backpack_62332901243.html | https://top99.en.alibaba.com | | top99top@163.com |
| 38 | Hangzhou Owner Party Co., Ltd. | https://www.alibaba.com/product-detail/Festive-Custom-Safari-Wedding-Event-Baby_62243455242.html | https://ownerparty.en.alibaba.com | | sales1008@ownerparty.com |
| 39 | Hangzhou Youlike Crafts Co., Ltd. | https://www.alibaba.com/product-detail/Baby-Shark-Party-Favors-Table-Centerpiece_62278173754.html | https://znulike.en.alibaba.com | | claire@ylikeltd.com |
| 40 | Helborn Store | https://www.aliexpress.com/item/32989132583.html | https://helborntoy.aliexpress.com/store/4497067 | | helborntoy@outlook.com |
| 41 | Hesun Boué E-Commerce Co., Ltd. | https://www.alibaba.com/product-detail/kid-baby-gifts-plush-animal-cartoon-animal_62188369554.html | https://hvbaidi.en.alibaba.com | | robi@hexuadi.com; 5957732360@qq.com |
| 42 | Huaihui Teng Party Supplies Store | https://www.aliexpress.com/item/4000219316898.html | | | |
| 43 | Jiemu Store | https://www.aliexpress.com/item/4000291461427.html | https://www.aliexpress.com/store/5361143 | | |
| 44 | Jiangsu Create Sky International Ltd. | https://www.alibaba.com/product-detail/Baby-Shark-Supplies-Shark-Shape-Kids_62364585578.html | https://createskyint.en.alibaba.com | | luka_zar02@create-sky.com |
| 45 | Jiangxi Xuerai Printing Co., Ltd. | https://www.alibaba.com/product-detail/Baby-Shark-Birthday-Party-Supplies_62331676913.html | https://xueraiprinting.en.alibaba.com | | weita021@bhuk.cn |
| 46 | Jilin Zhengfeng Trading Co., Ltd | https://www.alibaba.com/product-detail/Hot-strike-baby-sharks-sing_62204845066.html | https://zhengfeng.en.alibaba.com | | dora@zhengfeng.com |
| 47 | Jinlong Store | https://www.aliexpress.com/item/33021605517.html | https://www.aliexpress.com/store/4056023 | | |
| 48 | Juzhentang Store | https://www.aliexpress.com/item/4000747919200.html | https://www.aliexpress.com/store/5956266 | | |
| 49 | Mopos AnimeFigure Store | https://www.aliexpress.com/item/4000256089772.html | https://www.aliexpress.com/store/5372290 | | |
| 50 | Ningbo H&W Sporting Goods Co., Ltd. | https://www.alibaba.com/product-detail/Hot-Selling-Shark-Shape-Pu-Foam_62339028646.html | https://hwsport.en.alibaba.com | | jennai@hwsport.net |

| # | Store/Company | URL | Email |
|---|---|---|---|
| 51 | Ningbo Jiangbei Tonson Crafts Factory | https://www.alibaba.com/product-detail/Diy-Personalized-Baby-Shark-One-Acrylic_62187393948.html | 18201164523@qq.com |
| 52 | Ningbo Raindol Trading Co., Ltd. | https://www.alibaba.com/product-detail/YWHY303-R3T-86x45cm-Amazon-Web-Kids_62169413021.html | info@hbraindol.com |
| 53 | Ningbo Yinzhou Sinomaker Import And Export Co., Ltd. | https://www.alibaba.com/product-detail/party-decorations-baby-shower-shark-theme_62088944116.html | representing@sinomaker.com.cn |
| 54 | Our Warm Direct Store | | |
| 55 | ourwarm HomeDecoration Store | https://www.aliexpress.com/item/OurWarm-Baby-Shark-Birthday-Party-Backdrop-Kids-Birthday-Photo-Backdrop-Under-The-Sea-Mermaid-Party-Baby/32999413805.html | https://jsinomaker.en.alibaba.com |
| 56 | Party Supplier Store | https://www.aliexpress.com/item/OurWarm-Baby-Shark-Birthday-Party-Decorations-Under-the-Sea-Backdrop-Cartoon-Shark-Photography-Background-Baby-Shower/32999575351.html | https://ourwarm-rfashion.aliexpress.com/store/3789847 |
| 57 | party /wedding Decor Store | https://www.aliexpress.com/item/Cupcake-toppers-pick-baby-shower-Boys/32996737517.html | https://happybirthday520.aliexpress.com/store/3898047 |
| 58 | party520 Store | https://www.aliexpress.com/item/10000020138656.html | https://www.aliexpress.com/store/5401034 |
| 59 | Photo Background Prop Store | https://www.aliexpress.com/item/4000407314422.html | https://happybirthday520.aliexpress.com/store/5055081 |
| 60 | Pujiang Meirui Crystal Co., Ltd. | https://www.alibaba.com/product-detail/lovely-design-photos-laser-engraving-baby_62274060601.html | https://n15286931130ehtt.en.alibaba.com |
| 61 | qimingang Store | https://www.aliexpress.com/item/4000229660756.html | |
| 62 | Quanzhou Dnven Imp & Exp Co., Ltd. | https://www.alibaba.com/product-detail/Hot-sale-3D-EVA-baby-shark_62389373316.html | zoe@hkangbben.com |
| 63 | Quanzhou Juya Bags Co., Ltd. | https://www.alibaba.com/product-detail/Plush-Cute-Cartoon-Animal-Bag-Girl_62014032657.html | https://zoezuhou.en.alibaba.com |
| 64 | Quanzhou Lingke Bags Co., Limited | https://www.alibaba.com/product-detail/Kids-baby-shark-backpack-bag_62008077194.html | info@swinibags.com |
| 65 | Shanghai Funkey Toy Co., Ltd. | https://www.alibaba.com/product-detail/19-inch-cute-custom-kids-shark_62263682918.html | sales@ilngkebag.com |
| 66 | Shanghai Gravim Industrial Co., Ltd. | https://www.alibaba.com/product-detail/90cm-Plush-Cartoon-Shark-to-Babies_62316529786.html | info@funkeytoy.com |
| 67 | Shanghai Zheyi Trading Co., Ltd. | https://www.alibaba.com/product-detail/Hot-sale-baby-gifts-cartoon-backpack_62284266168.html | sales6@plushtoys.cn; service@quanshhi.com |
| 68 | Shantou Aoxin Elephant Toys Factory | https://www.alibaba.com/product-detail/Eco-Friendly-Vinyl-Toy-Manufacturer-For_62346374693.html | rok@shcheyi.com; 18577728258@qq.com |
| 69 | Shantou Chenghai Toboy Trading Firm | https://www.alibaba.com/product-detail/2019-Amazon-Product-Baby-Shark-Bag_62004566130.html | info@aoxinelephant-toys.com; terryhe3344@gmail.com; cnkendy@gmail.com |
| 70 | Shantou Weilifa Print & Pack Co., Ltd. | https://www.alibaba.com/product-detail/Accept-Customized-printed-food-grade-plastic_62488701344.html | weilifagroup04@gmail.com |
| 71 | Shaoxing City Jiuzhun Imp & Exp Trade Co., Ltd | https://www.alibaba.com/product-detail/Shark-Baby-Children-s-Birthday-Party_62229357904.html | jessie@hsmchina.com |
| 72 | shen ma Store | https://www.aliexpress.com/item/4000339126482.html | |
| 73 | Shenzhen Wilean Intsigirl Store | https://www.aliexpress.com/item/4000380533980.html | https://www.aliexpress.com/store/5050801 |
| 74 | Shenzhen DCN/D Cultural Goods Co., Ltd. | https://www.alibaba.com/product-detail/OEM-ODM-LED-shark-baby-toy-for_62229319856.html | https://www.aliexpress.com/store/5371160 |
| 75 | Shenzhen King And King Sports Goods Co., Ltd. | https://www.alibaba.com/product-detail/Baby-shark-neoprene-popsicle-holder-popsicle_62173421512.html | https://dcmd.en.alibaba.com |
| 76 | Shenzhen Lisa Gifts Co., Limited | https://www.alibaba.com/product-detail/Baby-shark-birthday-Party-yeti-cartoon_62274460669.html | 22323994040@qq.com; laan_427@163.com |
| 77 | Shenzhen Rexes Trading Co., Ltd. | https://www.alibaba.com/product-detail/2019-Amazon-Product-Birthday-Party-Theme-Aluminum_62143603834.html | sales01@king23king.com |
| 78 | Shenzhen Sky City Printing Co., Ltd | https://www.alibaba.com/product-detail/Factory-New-Style-PVC-Rubber-Baby_62265521460.html | info@lisagifts.com.cn; info@rexing.163.com; hanswaleyer@163.com; reilsonfitun@163.com; reilsonfitun@163.com |
| 79 | Shenzhen Woot Trade Limited | | sky@skytown.en.alibaba.com |
| 80 | Shep280b021 Store | https://www.aliexpress.com/item/1333138310634.html | wei1188@163.com |
| 81 | Shep5102067 Store | https://www.aliexpress.com/item/4000503990526.html | https://www.aliexpress.com/store/2850021 |
| 82 | Shep5353226 Store | https://www.aliexpress.com/item/4000508248996.html | https://www.aliexpress.com/store/5102067 |
| 83 | Shep5372342 Store | https://www.aliexpress.com/item/4000456272564.html | https://www.aliexpress.com/store/5353226 |
| 84 | Shep5477103 Store | https://www.aliexpress.com/item/4000380533980.html | https://www.aliexpress.com/store/5372342 |
| 85 | Shep5432265 Store | https://www.aliexpress.com/item/4000415213006.html | https://www.aliexpress.com/store/5477103 |
| 86 | Shep5470738 Store | https://www.aliexpress.com/item/4000417846867.html | https://www.aliexpress.com/store/5432265 |
| 87 | Shep5481031 Store | https://www.aliexpress.com/item/4000419542038.html | https://www.aliexpress.com/store/5470738 |
| 88 | superCalfish Store | https://www.aliexpress.com/item/4000108860395.html | https://www.aliexpress.com/store/5135008 |
| 89 | SuperGraves Store | https://www.aliexpress.com/item/4000267498122.html | https://www.aliexpress.com/store/5369131 |
| 90 | SuperHarm Store | https://www.aliexpress.com/item/4000268279422.html | https://www.aliexpress.com/store/5377110 |
| 91 | SuperMastillo Store | https://www.aliexpress.com/item/4000282749266.html | https://www.aliexpress.com/store/5382135 |
| 92 | Supervu Party Store | https://www.aliexpress.com/item/24PC-Happy-Birthday-Party-Baby-Shark-Theme-Cake-Topper-With-Sticks-Decoration-Baby-Shower-Kids-Boys/10000074027399.html | https://union-time.en.alibaba.com |
| 93 | Taizhou Limya Textile Co., Ltd. | https://www.alibaba.com/product-detail/Wholesale-cheap-price-nice-brush-super_32030661847.html | https://linyetextile.en.alibaba.com |
| 94 | Taizhou Lianguan Toys Co., Ltd | https://www.alibaba.com/product-detail/7-5-FT-Factory-Baby-Shark_62174992674.html | peter@linyetextile.com |
| 95 | Taizhou Union Time Imp&Exp Co., Ltd. | https://www.alibaba.com/product-detail/Union-Time-Kids-Birthday-Cupcake-Decoration_62285604785.html | raymond@liangcraft.com; johncheng66@outlook.com |
| 96 | tian mu Store | https://www.aliexpress.com/item/4000344456375.html | |
| 97 | Tianjin Realstar Trading Co., Ltd | https://www.alibaba.com/product-detail/Realstar-Pink-Child-Back-Pack-Cartoon_62154834336.html | lion1014@outlook.com |
| 98 | toy collection Store | https://www.aliexpress.com/item/4000403455013.html | https://bestidan.en.alibaba.com |
| 99 | Xiamen Ecson Technology Co., Ltd. | https://www.alibaba.com/product-detail/Children-s-Birthday-Baby-Shark-Theme_62299488650.html | angela@ecson-tech.com; info@ecson-tech.com |

2

| # | Defendant | Store URL | Product URL(s) | Phone | Email(s) |
|---|-----------|-----------|----------------|-------|----------|
| 100 | Xiamen Kyokda Trade Co., Ltd. | https://kyokda.en.alibaba.com | https://www.alibaba.com/product-detail/Baby-Shark-Party-Balloon-Set-with_62327945645.html | | sales@mizatobailoon.com |
| 101 | Xiamen Palmy Import & Export Co., Ltd. | https://partysupplies.en.alibaba.com | https://www.alibaba.com/product-detail/Cute-Shark-Baby-Balloon-Party-Balloon_62302862991.html | | service22@palmyaupply.com |
| 102 | Xiamen Stone Industrial And Trading Co., Ltd. | | https://www.alibaba.com/product-detail/Baby-Shark-Baby-Decoration-Party-Balloon_62302867712.html | | cloudla@papermanufactures.com |
| 103 | Xiamen Umiss Manufacturing And Trading Co., Ltd. | https://umiss.en.alibaba.com | https://www.alibaba.com/product-detail/Umiss-Baby-Shark-Birthday-Party-Decorations_62320377712.html | | sales66@papermanufactures.com |
| 104 | XI'an Namay Crafts Co., Ltd. | https://namay.en.alibaba.com | https://www.alibaba.com/product-detail/Wholesale-Fashion-Cute-Balloon-Gender-Reveal_62214195049.html | | luck@namaycrafts.com; joypal@nohtajcrafts.com |
| 105 | XI'an Siko Road Crafts Co., Ltd. | https://icrdfscn.en.alibaba.com/ | https://www.alibaba.com/product-detail/Children-s-gifts-inflatable-baby-shark_62395629924.html | | cid@crafts-silkroad.com; payment@crafts-silkroad.com |
| 106 | XinZhao Store | https://www.aliexpress.com/store/4000108867278.html | | | |
| 107 | Xiongxin Yangxue Lizoo Product Co., Ltd. | https://yangxue.en.alibaba.com | https://www.alibaba.com/product-detail/FAMOIVE-New-Design-Doo-Doo-Shark_62200200646.html | | yangxue@partyballoons.cn; yolfenlderaaba;um@163.com |
| 108 | Yangzhou Chaonuan Cultural Media Co., Ltd. | https://cmtoys.en.alibaba.com | https://www.alibaba.com/product-detail/IN-STOCK-Baby-plush-Shark-Backpack_62168115283.html | | allen@chaoruantoy.com |
| 109 | Yiwu Banyan E-Commerce Co., Ltd. | https://ywboxun.en.alibaba.com | https://www.alibaba.com/product-detail/Baby-Shark-Silicone-Keychains-For-Shark_62189944866.html | | 15757907063@139.com |
| 110 | Yiwu Boxun Garment Co., Ltd. | https://ywboxun.en.alibaba.com | https://www.alibaba.com/product-detail/2019-Lovely-Toddle-Girls-Princess-Party_18894172371.html | | wzboxun@wholesale163.com |
| 111 | Yiwu Chulol Clothing Co., Ltd. | https://chusis.en.alibaba.com | https://www.alibaba.com/product-detail/Baby-shark-Halloween-costume-birthday-party_62248999469.html | | maggie@chusisparty.com |
| 112 | Yiwu Chenwang Trading Co., Ltd. | https://chenwangtrading.en.alibaba.com | https://www.alibaba.com/product-detail/Wholesale-Sea-Animal-Balloon-Baby-Shark_62292780415.html | 18156477576 | chenwangjialing@163.com |
| 113 | Yiwu City JD Toys Co., Ltd. | https://jngou.en.alibaba.com | https://www.alibaba.com/product-detail/Shark-Shape-Zip-Bracelet-With-Zipper_62360738602.html | | julia@jdtoys.com.cn |
| 114 | Yiwu City Novelty Party Crafts Co., Ltd. | https://noveltypartyshop.en.alibaba.com | https://www.alibaba.com/product-detail/Shark-Theme-Party-Supplies-for-Baby_62355638903.html | | sales4@noveltypartyshop.com |
| 115 | Yiwu Dalba Crafts & Gift Co., Ltd. | https://ywpaif.upft.en.alibaba.com | https://www.alibaba.com/product-detail/Adult-theme-baby-shower-party-supplies_62396970008.html | | sales6@yaopdi.com |
| 116 | Yiwu City Qing Li Garment Co., Ltd. | https://ywqingl12.en.alibaba.com | https://www.alibaba.com/product-detail/Bulk-Wholesale-Baby-Shark-Fresh-Pants_62310660530.html | | yweping012@aliyun.com; ywirxnelou@aliyun.com |
| 117 | Yiwu Delike Clothing Co., Ltd. | https://ywdelike.en.alibaba.com | https://www.alibaba.com/product-detail/baby-shark-ruffle-bloomer-startish_62115573943.html | | sdsi@yxdalikecd.cn |
| 118 | Yiwu Fanbai Import And Export Co., Ltd. | https://ywhinfoshum.en.alibaba.com | https://www.alibaba.com/product-detail/Birthday-Theme-Party-Shower-Pink-Baby_62140982793.html | | jessica-fanbai@hotmail.com |
| 119 | Yiwu Fengdong Toy Co., Ltd. | https://ywfqtoys.en.alibaba.com | https://www.alibaba.com/product-detail/FQ-brand-Multifunction-musical-instruments-baby_60607205634.html | | vidy@ywfqm.com.cn |
| 120 | Yiwu Fdialloon Trading Co., Ltd. | https://fdialloon.en.alibaba.com/ | https://www.alibaba.com/product-detail/2019-New-Shark-Baby-Theme-Helium_62194083174.html | | fonballoonparty@hotmail.com; zo_lee@hotmail.com |
| 121 | Yiwu Guangqui Jewelry Factory | https://guangquijewelry.en.alibaba.com | https://www.alibaba.com/product-detail/Wholesale-custom-design-new-arrival_62315404831.html | | lina@guangquijewelry.com; zhengchuwu188@hotmail.com |
| 122 | Yiwu Haobi Toys Co., Ltd. | https://ywuhyx.en.alibaba.com | https://www.alibaba.com/product-detail/New-Design-Cartoon-Doo-Doo-Shark_62379896465.html | | sales03@froyyxes.com |
| 123 | Yiwu Hewin Toys Co., Ltd. | https://cnhallowendy.en.alibaba.com | https://www.alibaba.com/product-detail/pack-of-38-baby-Shark-Birthday_62320042993.html | | tino@hawintparty.com |
| 124 | Yiwu Horui E-Commerce Company Limited | https://jjnel.lsjparty.en.alibaba.com | https://www.alibaba.com/product-detail/HOT-sale-BABY-SHARK-banner-for_62212771129.html | | lsj@barsicparty.com |
| 125 | Yiwu Hintoan Trade Co., Ltd. | https://cnhintoan.en.alibaba.com | https://www.alibaba.com/product-detail/2019-new-Plush-Shark-Hat-with_62331112288.html | 15057899263 | yifisa@hintoan.com |
| 126 | Yiwu Hongang Toys Co., Ltd. | https://hoytoys.en.alibaba.com | https://www.alibaba.com/product-detail/Wholesale-Direct-Factory-Cartoon-Cute-Shark_11908442586.html | | sales03@hoytoy.cn |
| 127 | Yiwu HT Balloon Co., Ltd. | https://ywhtballoon.en.alibaba.com | https://www.alibaba.com/product-detail/Wholesale-Aluminum-Foil-Balloon-Cartoon-Shark_62119590712.html | | futballoon@yahoo.com; info@fluituem-printing.com |
| 128 | Yiwu Huiran Crafts Co., Ltd. | https://huicra12.en.alibaba.com | https://www.alibaba.com/product-detail/Birthday-Party-Supplies-Shark-Sees-Shark_62238929258.html | | sales15@huirancrafts.com; payment@microsizerchina.com |
| 129 | Yiwu Jingzhan Trading Co., Ltd. | https://ywxoogton.en.alibaba.com | https://www.alibaba.com/product-detail/Soft-Baby-Cartoon-Sea-Animal-Blue_62305565114.html | | luck@lxkassmho.com |
| 130 | Yiwu Kayaki Toys Co., Ltd. | https://cnkaiai.en.alibaba.com | https://www.alibaba.com/product-detail/Soft-Baby-Cartoon-Shark-Toys-With_62013276168.html | | miaohang1@163.com |
| 131 | Yiwu Lasky Apparel Firm | https://ywsijboy.com | https://www.alibaba.com/product-detail/2019-new-Plush-Shark-Hat-with_62331112286.html | | jerry@ywleiling.com |
| 132 | Yiwu Linlang Import & Export Co., Ltd. | https://ywlilong.en.alibaba.com | https://www.alibaba.com/product-detail/TWO-J-Gift-Bag-Party-Favor-Baby_62396162154.html | | marry@vvemanjian.com |
| 133 | Yiwu Montibu E-Commerce Co., Ltd. | https://nirmaxfaw.en.alibaba.com | https://www.alibaba.com/product-detail/Nordic-Round-Baby-Shark-For-Baby_62149082793.html | | fantonexi@afgeimpexp.com |
| 134 | Yiwu Miya Jewelry Factory | https://miyaxi.en.alibaba.com | https://www.alibaba.com/product-detail/New-Gift-hair-accessories-cute-shark_62326595990.html | | sales7@miyqballoon.com |
| 135 | Yiwu Mdq Trading Co., Ltd. | https://mcqballoon.en.alibaba.com | https://www.alibaba.com/product-detail/Baby-Shark-Birthday-Party-Theme-3D_62113559123.html | | bertonex12@yahoo.com |
| 136 | Yiwu Ningsu E-Commerce Co., Ltd. | https://nsugarments.en.alibaba.com | https://www.alibaba.com/product-detail/Baby-Shark-Girls-Customized_62119274745.html | | sales@simpballoon.com |
| 137 | Yiwu Pocharinteps Garment Co., Ltd. | https://pxcharinteps.en.alibaba.com | https://www.alibaba.com/product-detail/Adlis-Silk-Baby-Shark-Gumbo-Baby-Shark-Dumbo-Angel_62139270275.html | | sunnygartdensales@gmail.com |
| 138 | Yiwu Qda Electronic Co., Ltd. | https://qdhty.en.alibaba.com | https://www.alibaba.com/product-detail/2019-new-9jobkon-baby-shark-shape_62236556782.html | | jodhprince@01@163.com; bobohaq@0prisay.com.cn; 13555536556@qq.com |
| 139 | Yiwu Shanichm Trading Co., Ltd. | https://artsparty.en.alibaba.com | https://www.alibaba.com/product-detail/shaggy-birthday-set-Baby-Shark-Plates_62392771854.html | | anyparty@shancheline.cn |
| 140 | Yiwu Shuozun Trading Co., Ltd. | https://sweetsmilsh.en.alibaba.com | https://www.alibaba.com/product-detail/New-Dumbo-Balloon-Baby-Shark_62340605697.html | | 2504376744@qq.com |
| 141 | Yiwu Sisaizhuo Import And Export Co., Ltd. | https://speccollops.en.alibaba.com | https://www.alibaba.com/product-detail/Best-Selling-Baby-Shark-banner-sale_62326365033.html | | sales13@speccollops.cn |
| 142 | Yiwu Xiaozhan Import And Export Co., Ltd. | https://ywxiaohong.en.alibaba.com | https://www.alibaba.com/product-detail/2019-baby-cartoon-sea-animals-shark-hat_62327397371.html | | 16204961773@qq.com |
| 143 | Yiwu Xuan Mol Textile Co., Ltd. | https://ywxuanhui.en.alibaba.com | https://www.alibaba.com/product-detail/2019-sell-like-hot-cakes-baby_62305229541.html | 18358045964 | 11654346597@qq.com |
| 144 | Yiwu Yayoos Clothes Co., Ltd. | https://ywvo.en.alibaba.com | https://www.alibaba.com/product-detail/2019-Hot-Selling-Baby-Shark-Party-Birthday_60782629539.html | | alice@ywvoskirt.com |
| 145 | Yiwu Yuezhou Import Co., Ltd. | https://ywden.en.alibaba.com | https://www.alibaba.com/product-detail/Fashion-cute-soft-plush-shark-shape_62071353169.html | | sales4@alachinenaocbazne.com |
| 146 | Yiwu Zadan Garment Co., Ltd. | https://ywzadan.en.alibaba.com | https://www.alibaba.com/product-detail/Baby-Shark-plush-shark-shape_62071333765.html | | bobohaq@0prisay.com.cn; suanzegf@aliyun.com |
| 147 | Yiwu Zhourong Trade Co., Ltd. | https://ywzhourong.en.alibaba.com/ | https://www.alibaba.com/product-detail/Vocal-Glow-Babyshark-Cube-Soft-Dolls_62279386036.html | | psj36331@aliyun.com |

| | | | | |
|---|---|---|---|---|
| 148 | Yongkang Yuexiu Industry & Trade Co., Ltd. | https://www.alibaba.com/product-detail/2020-New-Arrivals-Shark-Party-Supplies_62351356620.html | https://cnyuexiu.en.alibaba.com | sales@cnbiayuexiu.com |
| 149 | YR BABY Store | https://www.aliexpress.com/item/4000395865098.html | https://www.aliexpress.com/store/5069220 | |
| 150 | yushixir Store | https://www.aliexpress.com/item/4000721103303.html | https://www.aliexpress.com/store/5245106 | |
| 151 | Zaozhuang Happy Bear Crafts Co., Ltd | https://www.alibaba.com/product-detail/NH-NL041-KING-HEIGHT-Wholesale-Cheap_62038478375.html | https://yumsletoy.en.alibaba.com | happybearcrafts@126.com |
| 152 | Zhangzhou Caifeny Paper Craft Co., Ltd. | https://www.alibaba.com/product-detail/hot-sale-in-amazon-7pcs-baby_62233706645.html | https://caifeny.en.alibaba.com | gina@caifeny.com |
| 153 | Zhangzhou Rayyun Co., Ltd. | https://www.alibaba.com/product-detail/Baby-Shark-Spiral-Hanging-Decoration_62286677255.html | https://rayyunltd.en.alibaba.com | sales@rayyun.me |
| 154 | Zhejiang Xishi Science And Technology Co., Ltd | https://www.alibaba.com/product-detail/6-inch-round-cheap-baby-shark_62897583357.html | https://xieiitech.en.alibaba.com | bson9b54695045@gmail.com |
| 155 | Zhejiang Yaida Import & Export Co., Ltd. | https://www.alibaba.com/product-detail/Children-s-Birthday-Paper-Cup-Paper_62185419122.html | https://zyyaida.en.alibaba.com/ | heisi@zjyaida.com |
| 156 | Zhejiang Yanxia Art&Craft Co., Ltd | https://www.alibaba.com/product-detail/hot-selling-customized-baby-shark-birthday_62170517039.html | https://yanxiacraft.en.alibaba.com/ | sales021@yanxiacraft.com |

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Smart Study Co., Ltd.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _5/5/2020_

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SMART STUDY CO., LTD.,

*Plaintiff*

v.

A PLEASANT TRIP STORE, *et al.*,

*Defendants*

**20-cv-1733 (MKV)**

**PRELIMINARY
INJUNCTION ORDER**

WHERAS, Plaintiff[1] having moved *ex parte* on February 27, 2020 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery (Dkts. 12 – 16);

WHEREAS, the Court entered an Order granting Plaintiff's Application on February 27, 2020 which ordered Defendants to appear on March 19, 2020 at 3:00 p.m. to show cause why a preliminary injunction should not issue (Dkt. 21);

WHEREAS, the Court subsequently entered an Order on March 5, 2020, extending the TRO and rescheduling the March 19, 2020 show cause hearing to May 5, 2020 at 3:00 p.m. ("March 5, 2020 Order") (Dkt. 18);

WHEREAS, on March 16, 2020 and March 17, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the March 5, 2020 Order on each and every Defendant;

WHEREAS, on May 4, 2020, Plaintiff filed a Certificate of Service affirming that service had been effected on each and every Defendant (Dkt. 20), and Plaintiff's counsel represented the same at the Show Cause Hearing on May 5, 2020;

WHEREAS, on May 5, 2020 at 3:00 p.m., Plaintiff appeared at the Show Cause Hearing. No Defendants appeared.

For the reasons stated on the record at the Show Cause Hearing and in the Court's separate opinion detailing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED:

1. The injunctive relief previously granted in the TRO shall remain in place through the

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary in the Complaint.

pendency of this litigation. Issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Baby Shark Marks and/or Baby Shark Works;

    ii. directly or indirectly infringing in any manner any of Plaintiff's Baby Shark Marks and/or Baby Shark Works;

    iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and/or Baby Shark Works, to identify any goods or services not authorized by Plaintiff;

    iv. using any of Plaintiff's Baby Shark Marks and/or Baby Shark Works or any other marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

    v. using any false designation of origin or false description, or engaging in any

action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through

1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts insofar as they are

connected to the Counterfeit Products;

   ii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

   iii.  knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a)  within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a)  Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of

Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern
and Eastern Districts of New York and Defendants who are served with this Order shall
provide written responses under oath to such interrogatories within fourteen (14) days
of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and
34 of the Federal Rules of Civil Procedure and Defendants who are served with this
Order, their respective officers, employees, agents, servants and attorneys and all
persons in active concert or participation with any of them who receive actual notice of
this Order shall produce all documents responsive to such requests within fourteen (14)
days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions
who receive service of this Order shall provide Plaintiff's counsel with all documents
and records in their possession, custody or control (whether located in the U.S. or
abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and
Merchant Storefronts, including, but not limited to, documents and records relating to:

   i.   account numbers;

   ii.   current account balances;

   iii.   any and all identifying information for Defendants and Defendants' User Accounts,
including names, addresses and contact information;

   iv.   any and all account opening documents and records, including, but not limited to,
account applications, signature cards, identification documents, and if a business
entity, any and all business documents provided for the opening of each and every
of Defendants' Financial Accounts;

v.   any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi.   any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii.   any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii.   the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

ix.   the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

x.   Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing one or more of the Baby Shark Marks

and/or Baby Shark Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Baby Shark Marks and/or Baby Shark Works.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants;

    iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Baby Shark Marks and/or Baby Shark Works.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a) delivery of: (i) a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law, to Defendants' e-mail addresses to be determined after having been identified in Schedule A pursuant to Paragraph V(C) of the TRO or may otherwise be determined; or

b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third party Service Providers on their respective platforms, and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF

copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law, and (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law, and (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

c) delivery of: (i) a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law, and (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

d) delivery of: (i) a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law, and (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

e) delivery of: (i) a PDF copy of this Order and the separate opinion (once it is filed) detailing the Court's Findings of Fact and Conclusions of Law, and (ii) a link to a

secure website where PingPong Global Solutions Inc. will be able to download a
PDF copy of this Order and the separate opinion (once it is filed) detailing the
Court's Findings of Fact and Conclusions of Law via electronic mail to PingPong
Global Solutions Inc.'s Legal Department at legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the
   terms of this Order and any act by them or anyone of them in violation of this Order may
   be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition
   of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order
   of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify
    the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 5th day of May, 2020, at 4:35 p.m.
New York, New York

_Mary Kay Vyskocil_
HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/7/2020__

SMART STUDY CO., LTD.,

*Plaintiff*,

v.

A PLEASANT TRIP STORE, *et al*.,

*Defendants*.

1:20-cv-1733 (MKV)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN CONNECTION WITH PRELIMINARY INJUNCTION**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, Smart Study Co., Ltd., commenced this copyright and trademark infringement action with the filing of its Complaint [ECF #6] on February 27, 2020.  The case concerns the trademark and copyright rights to commercial use of the "Baby Shark" image and name.  *See* Complaint ¶ 8-14.   Baby Shark, as explained further below, is a worldwide sensation geared at toddlers and young children that has been marketed and licensed by Plaintiff following the release of a viral video on the internet in 2016.  *See* Complaint ¶ 8-9.  Plaintiff claims that Defendants, more than 100 individuals, companies, and other business entities, sell counterfeit Baby Shark products through Alibaba and AliExpress (Chinese marketplaces and e-commerce platforms), infringing on its intellectual property.  *See* Complaint ¶¶ 26-27, 30-45.

On the same day the Complaint was filed, Plaintiff filed an application for a temporary restraining order and preliminary injunction [ECF #12-16] seeking to enjoin the sale of allegedly counterfeit Baby Shark products, which Plaintiff claims infringe on Plaintiff's intellectual property rights.  The temporary restraining order ("TRO") was granted that day [ECF #21].  The TRO, *inter alia*, allowed alternative email service on Defendants, retailers who sell allegedly counterfeit

products through internet retail platforms related to Chinese company Alibaba, and set dates for briefing and a hearing on the motion for a preliminary injunction. However, as a result of the global COVID-19 pandemic and the ensuing shutdown of most business in China, more time than originally allowed was needed to locate service email addresses for the Defendants. As a result, the Court modified the TRO to allow Plaintiff more time to serve the Defendants, and for the Defendants to file oppositions to the preliminary injunction motion. *See* ECF #18 at 1. On March 16, 2020, all Defendants were served,[1] *see* ECF #20, and oppositions from Defendants were due April 24, 2020. None were filed.

On May 5, 2020, the Court held a hearing on the application for a preliminary injunction. Only counsel for Plaintiff appeared; no representatives of any Defendant participated in the hearing or have appeared in this action. At the hearing, following argument and questioning of counsel for Plaintiff, the Court granted the motion for a preliminary injunction, and a written Order was entered shortly thereafter. *See* ECF #23 (the "Preliminary Injunction Order"). At the May 5 hearing, the Court summarized its findings of fact and conclusions of law which lead it to grant the injunction, *see* Fed. R. Civ. P. 52(a)(2), but noted a full opinion would follow.

## **FACTUAL FINDINGS**

No Defendant has appeared in this action, and no opposition briefing was filed in advance of the May 5 hearing. Thus, the facts as stated in Plaintiff's Complaint are undisputed. For the purposes of the motion for a preliminary injunction, the Court adopts all of the facts as stated in the Complaint and the papers in support of the motion. *See Featherstone v. Barash*, 345 F.2d 246, 250 (10th Cir. 1965) ("[I]f there is no dispute between the parties about the facts, allegations of

---

[1] Plaintiff explained during the May 5 hearing that, as authorized in the TRO, they served Defendants using Rmail, an online service that confirms valid proof of authorship, content, and delivery of an email. Plaintiff explained that Rmail had confirmed that all Defendants received the service emails authorized by the TRO.

the complaint may be accepted as true, thus eliminating the necessity of formal findings."); *Carpenters' Dist. Council, Detroit, Wayne & Oakland Ctys. & Vicinity, of United Bhd. of Carpenters & Joiners of Am., AFL-CIO v. Cicci*, 261 F.2d 5, 8 (6th Cir. 1958) ("It is true that if there is no dispute between the parties about the facts, the allegations of a complaint may be accepted as true, thus eliminating the necessity of formal findings . . . ."). While not an exhaustive recitation, the Court summarizes the facts here.

Plaintiff is a South Korean company that develops entertainment and gaming content for a global audience. Complaint ¶ 7. Plaintiff produces content directed at preschool-aged children through a single brand, Pinkfong. Complaint ¶ 8. In 2016, Pinkfong released the "Baby Shark" song and music video on YouTube. *Id.* The song and video soon went viral, and today the video has over 3.1 billion views on YouTube. Complaint ¶ 8.[2] After the video's release, Plaintiff developed a worldwide licensing program for Baby Shark products, including toys, clothing, and entertainment. Complaint ¶ 9. After the products were introduced to the market, Plaintiff also applied for and received various trademark and copyright registrations for Baby Shark and other related concepts like "Mommy Shark," "Daddy Shark," and "Baby Shark (Motion Picture)." Complaint ¶ 13, 15. Today, Baby Shark remains a widely popular brand for young children.

Defendants, who are individuals and business entities located in China, *see* Complaint ¶ 26, attempted to capitalize on the Baby Shark phenomenon by selling allegedly counterfeit Baby Shark products. Complaint ¶ 27. The products are sold on Alibaba and AliExpress, e-commerce platforms that allow merchants to sell goods to a global audience. Complaint ¶ 23. The sites annually have over $1 billion in sales internationally, including to the United States, *see*

---

[2] While the Complaint includes the 3.1 billion number, at the time this opinion is written, the original video has registered more than 5.2 billion YouTube views. *See* Pinkfong! Kids' Songs & Stories, *Baby Shark Dance | Sing and Dance! | @Baby Shark Official | PINKFONG Songs for Children*, YouTube (June 17, 2016), https://www.youtube.com/watch?v=XqZsoesa55w&vl=en.

Complaint ¶ 24, but allegedly have also become known as a marketplace for counterfeit and trademark/copyright infringing goods. *See* Complaint ¶ 25. Confirming that reputation, Defendants here, rather than proceed through Plaintiff's licensing program, manufactured, marketed, and sold Baby Shark products that appear to infringe on Plaintiff's intellectual property. *See* Complaint ¶¶ 32, 37. Defendants' products are of lower quality than those produced by Plaintiff and its licensees, and are sold at substantially lower prices, undercutting Plaintiff's market-share and de-valuing Plaintiff's intellectual property. Complaint ¶¶ 3, 11, 37-39.[3]

## CONCLUSIONS OF LAW

### A. Personal Jurisdiction

The Court has personal jurisdiction over the Defendants. In reaching this conclusion, the Court applied a two-part analysis: first, the Court considered the law of the forum state to determine if jurisdiction is proper, and second, the Court considered whether exercise of jurisdiction is consistent with due process. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013); *see Bristol-Myers Squibb Co. v. Superior Court*, -- U.S. --, 137 S. Ct. 1773, 1779 (2017) ("Because '[a] state court's assertion of jurisdiction exposes defendants to the State's coercive power,' it is 'subject to review for compatibility with the Fourteenth Amendment's Due Process Clause,' which 'limits the power of a state court to render a valid personal judgment against a nonresident defendant.'" (citing *Goodyear Dunlop Tires Operations., S.A. v. Brown*, 564 U.S. 915, 918 (2011); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980))).

---

[3] Since commencing the lawsuit, Plaintiff has been in contact with numerous Defendants, with whom they have reached resolutions of the claims in the Complaint. The Court has approved two notices of dismissal with respect to several Defendants.

New York's long arm statute, N.Y. C.P.L.R. § 302(a)(1), provides that a Defendant is subject to personal jurisdiction in New York based on business contacts where both "(1) The defendant [has] transacted business within the state; and (2) the claim asserted [] arise[s] from that business activity." *Licci*, 732 F.3d at 168 (citing *Solè Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). The "transacted business" giving rise to jurisdiction must include "some purposeful activities within the State that would justify bringing the nondomiciliary defendant before the New York courts." *DH Servs., LLC v. Positive Impact, Inc.*, No. 12-cv-6153 (RA), 2014 WL 496875, at *3 (S.D.N.Y. Feb. 5, 2014) (citing *SPCA of Upstate New York, Inc. v. American Working Collie Association*, 18 N.Y.3d 400, 404 (2012)). Similarly, the "arising from" element requires "relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former." *Licci*, 732 F.3d at 168.

Both requirements are met here. Since the claims in Plaintiffs' complaint all arise from the sale of allegedly counterfeit and infringing goods, the only question for the Court under New York law is whether the Defendants do sell goods in this state (*i.e.* whether they transact business here). In *Chloè v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010), the Second Circuit "update[d] [its] jurisprudence on personal jurisdiction in the age of internet commerce." *Id.* at 165. In *Chloè*, the Court endorsed a finding that a California resident was subject to New York jurisdiction where he sold a single allegedly trademark-infringing handbag (in addition to other non-infringing goods) over the internet into New York in his capacity as an employee of a company that sold other goods into the state. *Id.* at 166-67. The Court found that the Defendant's sale of bags generally into New York was sufficient to constitute "transacting business" and the sale of one bag subject to the suit was sufficiently related to the business. *Id.* at 167. While the full extent of Defendants sales into New York are unknown, their products are available for sale and shipment

5

to New York. Indeed, to verify its allegation that Defendants transact business in New York, Plaintiff here purchased and received in New York several counterfeit Baby Shark products from approximately ten percent of Defendants. *See* Declaration of Jessica Arnaiz in Support of the Motion, ECF #14 ("Arnaiz Decl."), Ex. B.[4] These fourteen orders, where Plaintiff purchased one or more items, indicate that, at least with regard to these fourteen defendants, jurisdiction is proper in New York because they transact business here.

As for the other Defendants, and as an additional ground for jurisdiction over the fourteen Defendants from whom Plaintiff purchased products, jurisdiction is appropriate because Defendants operate a "highly interactive website" from which consumers in New York can purchase the allegedly infringing goods at issue here. *See Chloè*, 616 F.3d at 170 (collecting New York cases holding that an interactive commercial website accessible from New York constitutes transacting business for personal jurisdiction); *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15-cv-8459 (LGS), 2016 WL 3748480, at *3 (S.D.N.Y. July 8, 2016) ("A website that does more than provide information about a product and allows customers to purchase goods online, is a "highly interactive website," which may provide a basis for personal jurisdiction under CPLR § 302(a). That the website Defendants operate is based on the Alibaba platform and that orders are processed by Alibaba, makes no difference, because Defendants operate on the platform as a regular business and not simply as occasional sellers. *See Lifeguard Licensing Corp.*, 2016 WL 3748480, at *3 ("For internet sellers who use an internet storefront like Amazon, courts generally distinguish between two categories. First are commercial vendors who use it "as a means for establishing regular business with a remote forum." Jurisdiction is proper as to these defendants. In the second category are occasional sellers who use an internet service once to sell

---

[4] During the May 5 hearing, Plaintiff explained that in order to ensure that Defendants transact business in New York, Plaintiff's investigators purchased counterfeit Baby Shark products from approximately ten percent of Defendants.

goods to the highest bidder who happens to be in the forum state." (citing *EnviroCare Techs., LLC v. Simanovsky*, No. 11-cv-3458 (JS)(ETB), 2012 WL 2001443, at \*3 (E.D.N.Y. June 4, 2012))). Because all Defendants operate such a "highly interactive website" as a means to sell their products into New York, and because those websites are accessible in this state, personal jurisdiction over Defendants is appropriate.

Exercise of jurisdiction here is consistent with due process. "The due process inquiry consists of two components—the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *McGraw-Hill Global Education Holdings, LLC v. Mathrani*, 295 F. Supp. 3d 404, 413 (S.D.N.Y. 2017); *accord Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 112 (1987) (holding that courts should consider both minimum contacts and substantive reasonableness); *see also Bristol-Myers Squibb*, 137 S. Ct. at 1785-86 (Sotomayor, J., dissenting) (collecting cases). First, Defendants have purposely availed themselves of New York by marketing and selling products into New York through their internet storefronts. As a result, Defendants' contacts with New York "satisfy the minimum contacts prong of the constitutional inquiry for the same reasons that they satisfy the statutory inquiry." *Mathrani*, 295 F. Supp. 3d at 413 (citing *Licci*, 732 F.3d at 170 (noting that while "section 302(a)(1) . . . and constitutional due process are not coextensive," cases in which personal jurisdiction is permitted under the long-arm statute but is prohibited under the due process analysis are "rare").

Second, asserting jurisdiction here is reasonable. When a plaintiff has made a threshold showing of minimum contacts, the exercise of jurisdiction is favored, but may be overcome where the Defendants present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 477-78 (1985)). Needless to say,

Defendants have not made any showing that jurisdiction is unreasonable here as they have elected not to appear. *Cf. McGraw-Hill*, 295 F. Supp. 3d at 414 (citing *Peeq Media, LLC v. Buccheri*, 2016 WL 5947295, at *5 (S.D.N.Y. Oct. 13, 2016)). The Court will not endeavor to find additional hardships on the Defendant where they have not otherwise brought them forward; the Plaintiff's election of forum in this case is dispositive. *Accord Asahi*, 480 U.S. at 113-14 (holding that once minimum contacts are established, the plaintiff's interest in obtaining convenient and effective relief is among the factors that determine reasonableness).

Thus, personal jurisdiction over the Defendants is appropriate in New York.

## B. Preliminary Injunction

Under Federal Rule of Civil Procedure 65(a), a preliminary injunction is appropriate only if the movant shows: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015)); Fed. R. Civ. P. 65(a).

Plaintiff has demonstrated irreparable harm. "Irreparable harm exists in a trademark case when the party seeking the injunction shows that it will lose control over the reputation of its trademark . . . because loss of control over one's reputation is neither calculable nor precisely compensable." *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 540 (S.D.N.Y. 2011) (alteration in original) (citing *New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 343 (S.D.N.Y. 2010), *aff'd*, 511 F. App'x 81 (2d Cir. 2013). As the undisputed facts in the Complaint allege, Defendants' actions have deprived Plaintiff of the

ability to control the quality of the products using the Baby Shark name and image. *See El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F.2d 392, 395 (2d Cir. 1986) ("One of the most valuable and important protections afforded by the Lanham Act is the right to control the quality of the goods manufactured and sold under the holder's trademark."). Moreover, Defendants' cheaper prices (as a result of the inferior materials) have resulted in devaluation of the marks themselves. *See* Declaration of You Jae Kang in Support of Motion, ECF #15 ("Kang Decl."), ¶¶ 25-26, 28; Declaration of Brieanne Scully in Support of Motion, ECF #16 ("Scully Decl."), ¶ 21. These injuries are sufficient to constitute irreparable harm. *See Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243-44. (2d Cir. 2009). [5]

Plaintiff also has demonstrated a likelihood of success on the merits of its trademark and copyright claims. On the trademark claims, Plaintiff needs to show that its marks are valid and entitled to protection and that Defendants' use of the marks is likely to cause confusion. *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93 (2d Cir. 2010). Plaintiff has shown that the marks are valid by including the trademark registrations on file with the United States Patent and Trademark Office. *See* Kang Decl., Ex. A. Additionally, the alleged infringement here, as supported by the undisputed facts and examples Plaintiff includes, are "inherently confusing," abrogating any need for examination of the factors in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), because the products in question include counterfeit references and versions of the Baby Shark name and likeness. *See Fendi Adele S.R.L. v. Filene's Basement, Inc.*, 696 F. Supp. 2d 368, 383 (S.D.N.Y. 2010).

---

[5] The Court's preliminary injunction order also directs certain financial institutions to freeze Defendants' accounts and for the websites that host Defendants' storefronts to restrict any access to them. For the reasons stated in Plaintiff's memorandum of law in support of the motion [ECF #13] and the declarations filed in support of the motion, the court believes that these restrictions are necessary to prevent Defendants from causing further irreparable harm by creating new storefronts and business identities to sell their counterfeit goods.

To obtain a preliminary injunction, Plaintiff need not establish a likelihood of success on every claim. It is sufficient to establish likelihood of success on the merits of only one of its claims. *See 725 Eatery Corp. v. City of New York*, 408 F. Supp. 3d 424, 459 (S.D.N.Y. 2019) ("Further, Plaintiffs need not demonstrate a likelihood of success on the merits of every claim— rather, they need only 'show a likelihood of success on the merits of at least one of [their] claims.'" (alteration in original) (quoting *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 618 (S.D.N.Y. 2018))). That said, Plaintiff also is likely to succeed on its copyright claim.

To prevail on the copyright claim, Plaintiff must prove it owns a valid copyright and that the infringing products copy an "original" element of the work. *See Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011). In support of its copyright claim, Plaintiff includes its certificate of registration from the United States Copyright Office to prove it owns a valid copyright. *See* Kang Decl., Ex. B; *see also Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012) ("A certificate of copyright registration is *prima facie* evidence of ownership of a valid copyright . . . ."). Plaintiff has also demonstrated that Defendants are infringing on Plaintiff's copyright. *See P&G v. Colgate-Pamolive Co.*, 199 F.3d 74, 77 (2d Cir. 1999) (noting that copyright infringement may be proven both by direct and indirect evidence). The Plaintiff's Complaint and Exhibits, the factual allegations of which the Court has adopted in full for the purposes of this motion, include various pictures of Defendants' infringing products as compared to Plaintiff's legal ones. The products, in short, appear practically identical. *See* Complaint ¶ 37-39; Arnaiz Decl., Ex. A; Scully Decl., Ex. A. There is also no doubt that Defendants had access to Plaintiff's work; indeed, it seems wholly unlikely that Defendants could design, manufacture, and sell their products without any sense that Plaintiff's work existed. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (holding that infringer had access to

copyright owners work where there was a "reasonable possibility" of encountering it). Indeed, Plaintiff's global marketing efforts using the Baby Shark images and products makes this possibility highly unlikely.

Finally, the balance of hardships tips decidedly in Plaintiff's favor, and an injunction is in the public interest, for the same reason: Defendants' business is seemingly based on counterfeit, intellectual property-infringing tactics. There is no argument that requiring Defendants to comply with legal obligations is either a legitimate hardship or against the public interest. "[T]o the extent defendants 'elect to build a business on products found to infringe[,] [they] cannot be heard to complain if an injunction against continuing infringement destroys the business so elected.'" *Broad Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 196 (S.D.N.Y. 2016) (alterations in original) (quoting *Mint, Inc. v. Amad*, No. 10-cv-9395 (SAS), 2011 WL 1792570, at *3 (S.D.N.Y. May 9, 2011)). Likewise, "injunctive relief here will advance the public's 'compelling interest in protecting copyright owners' marketable rights to their work' so as to 'encourage[e] the production of creative work.'" *Id.* (alteration in original) (citing *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012)).

Plaintiff has demonstrated that it is likely to succeed on both its trademark and copyright claims and that absent an injunction it will suffer irreparable harm. Additionally, there is no hardship on Defendants or superseding public interest that warrants the Court deny the motion. A preliminary injunction is appropriate.

## **CONCLUSION**

The foregoing constitutes the Court's Findings of Fact and Conclusions of Law in Support of the issuance of a preliminary injunction. Plaintiff is directed to serve a copy of this opinion on Defendants, as set forth in the Preliminary Injunction Order.

SO ORDERED.

Date:   May 7, 2020
       New York, NY

                                      MARY KAY VYSKOCIL
                                        United States District Judge