IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AFG MEDIA LTD,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>POPTREND-OFFICIAL, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 2:23-cv-1840<br><br><br>**FILED UNDER SEAL** |

**DECLARATION OF BRIAN SAMUEL MALKIN
IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION
FOR ENTRY OF A TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

I, Brian Samuel Malkin, hereby declare as follows:

1. I am over eighteen (18) years of age. I have never been convicted of a felony or any criminal offense involving moral turpitude, and I am fully competent to testify to the matters stated herein. I have personal knowledge of every statement made in this Declaration and such statements are true and correct.

2. I am one of the attorneys working for Ference & Associates LLC ("the Ference Firm" or "Plaintiff's Counsel"), legal counsel for Plaintiff. I make this declaration in support of Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on **Schedule "A"** to the Complaint.

3. Defendants at least use the Third Party Service Providers Amazon.com, aliexpress.com, eBay.com, Joybuy, Temu, wish.com, and Walmart.com to support and drive

consumer traffic to their counterfeiting operation. Defendants also use the services of the Financial Institutions Amazon pay, Alipay, PayPal, Joybuy, Context Logic, Inc. d/b/a wish.com, and Walmart Pay operated by Wal-Mart.com USA, LLC (as more fully described below) to transmit money derived from their transactions on the Third Party Platforms. Based upon my own research, experience, and communications with various Parties to be enjoined, the paragraphs below set forth my information and belief about the identity of each, service addresses, and willingness to accept service, submit to jurisdiction of this court, and comply with court any orders.

4.  Alibaba Group Ltd owns and operates both Aliexpress.com and Alibaba.com through its affiliate, Alibaba.com US LLC, a Delaware Corporation, with a registered address of Corporation Service Company, 291 Little Falls Drive, Wilmington, Delaware 19808. Alibaba Group Holding Ltd is listed on the New York Stock Exchange and, in similar brand owner lawsuits filed in the United States, has submitted to the jurisdiction of various courts and complied with various restraining orders to the benefit of the brand owners. Since the instant case involves a brand owner with which Alibaba.com US LLC d/b/a Alibaba.com and Aliexpress.com has cooperated with on other restraining orders against counterfeiters, I have a reasonable belief that it will similarly cooperate with any court order issued by this Court.

5.  Based upon my own research and a review of pleadings (including declarations) in multiple past actions by other brand owners, as described above, Amazon.com is an online marketplace and e-commerce platform that is owned and operated by Amazon.com, Inc. and its affiliate, Amazon Services LLC, a Nevada Corporation, with a registered address of Corporation Service Company, is a foreign registered corporation in the Commonwealth of Pennsylvania with a registered address of c/o Corporation Services Company, Dauphin County and 300

Deschutes Way, SW, Suite 304, Tumwater, WA 98501, ATTN: Legal Department. As such, the Court has jurisdiction over Amazon Services LLC.

6.  eBay, Inc. d/b/a eBay.com is a foreign registered corporation in the Commonwealth of Pennsylvania with a registered address of "c/o CT Corporation System Dauphin" which indicates "c/o C T Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101." Since the instant case involves a brand owner with which has cooperated with on other restraining orders against counterfeiters, I have a reasonable belief that it will similarly cooperate with any court order issued by this Court.

7.  Based upon my own research and a review of pleadings (including declarations) in multiple past actions by other brand owners, as described above, Wish.com is based in San Francisco, California. It is an online marketplace and e-commerce platform owned by Context Logic, Inc., a Delaware corporation with a registered address of Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Context Logic, Inc.'s legal counsel, Dwight Lueck of Barnes & Thornburg LLP has agreed to electronically receive papers and submit to the jurisdiction of this Court for the purpose of restraining orders for brand owner lawsuits filed on our client's behalf.

8.  Wal-Mart.com USA, LLC is a foreign registered corporation in the Commonwealth of Pennsylvania with a registered address of "c/o CT Corporation System Allegheny, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101." Wal-Mart's legal team has indicated by email that it will cooperate with any court order issued by this Court.

9.  Alipay US Inc. is a foreign registered corporation in the Commonwealth of Pennsylvania with a registered address of "c/o CT Corporation System Dauphin" which indicates "c/o C T Corporation System, 600 North 2nd Street, Suite 401, Harrisburg,

Pennsylvania 17101." Talisman Designs has obtained evidence that Defendants operating their Seller IDs via AliExpress.com ("AliExpress") have their payments processed on their behalf using aggregate escrow accounts in the name of Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform (i.e., "AliExpress"), and its related companies, Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay").[1] According to AliPay US Inc. d/b/a Alipay.com's web site at https://global.alipay.com/docs/ac/Platform/qd977g, (last accessed on October 16, 2023), it is a Pennsylvania licensed money transmitter under Pennsylvania's Transmitting Money Act (License #53446). As such, this Court has jurisdiction over Alipay US Inc. d/b/a Alipay.com.

10. Amazon is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. As such, Defendants' payment information is not publicly disclosed. I know from multiple past actions filed by brand owners that counterfeiters do not identify the payment accounts they are using in attempts to evade detection. Because Amazon also operates as a money transmitter for sales made on Amazon, however, it has the ability to identify and restrain the payment accounts associated with Defendants. Amazon Payments, Inc. admits on its website, https://pay.amazon.com/us/help/82972 (last accessed on October 16, 2023), it is a licensed money transmitter under Pennsylvania's Transmitting Money Act (License #17489). As such, this Court has jurisdiction over Amazon Payments, Inc.

11. PayPal, Inc. is foreign registered corporation in the Commonwealth of Pennsylvania with a registered address of "c/o CT Corporation System Dauphin" which indicates

---

[1] WorldPay US, Inc. ("WorldPay") processes transactions on behalf of Alibaba and Alipay, which may appear as "Aliexpress" on a cardholder's credit card statement.

"c/o C T Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101." According to PayPal's website at https://www.paypal.com/us/webapps/mpp/licenses (last accessed on October 16, 2023), it is a licensed money transmitter under Pennsylvania's Transmitting Money Act (License #0043). As such, this Court has jurisdiction over PayPal, Inc.

12. Wal-Mart.com operated by Walmart Inc. and Wal-Mart.com USA, LLC (collectively "Walmart") is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Walmart's payment processing and retention service, Walmart Pay.  As such, Defendants' payment information is not publicly disclosed.  I know from multiple past actions filed by brand owners that counterfeiters do not identify the payment accounts they are using in attempts to evade detection.  Wal-Mart.com, however, has the ability to identify and restrain the payment accounts associated with Defendants and has indicated that it will cooperate with counsel to comply with any restraining orders.

13. Joybuy Marketplace operated by Jingdong E-Commerce (Trade) Hong Kong Co., Ltd., is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Joybuy's payment processing and retention services provided by Jingdong E-commerce (Trade) Hong Kong Corporation Limited (registered in Hong Kong) and JD E-Commerce America (registered in California, USA).  As such, Defendants' payment information is not publicly disclosed.  I know from multiple past actions filed by brand owners that counterfeiters do not identify the payment accounts they are using in attempts to evade detection.  Joybuy Marketplace, however, has the ability to identify and restrain the payment accounts associated with Defendants and has indicated that it will cooperate with counsel to comply with any restraining orders.

14. Temu Marketplace is owned and operated by Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"). Temu has the ability to identify owners of Temu storefronts, restrain seller's accounts and take down infringing listings. Temu has confirmed for Plaintiff's counsel that it will comply with any court orders issued against sellers on the Temu Marketplace.

I declare under the penalty of perjury laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed this 23rd day of October, 2023, at Pittsburgh, Pennsylvania.

/s/ Brian Samuel Malkin
Brian Samuel Malkin