IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AFG MEDIA LTD, <br><br> Plaintiff, <br><br> v. <br><br> POPTREND-OFFICIAL, *et al*., <br><br> Defendants. | Civil Action No. 2:23-cv-1840 <br><br> **FILED UNDER SEAL** |

### DECLARATION OF STANLEY D. FERENCE III IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

I, STANLEY D. FERENCE III, hereby declare as follows:

1. I am an attorney with the law firm of Ference & Associates LLC ("the Ference Firm"), located at 409 Broad Street, Pittsburgh, Pennsylvania 15143 and represent AFG Media Ltd ("Plaintiff") in the above-referenced action. I make and submit this declaration in support of Plaintiff's *Ex Parte*[1] Motion for Alternative Service of Process on the Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" of the Complaint (collectively "Defendants"). I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

---

[1] Contemporaneously herewith, Plaintiff has filed its *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("*Ex Parte* Application for Temporary Restraining Order"), together with the supporting Declarations and Exhibits. The present Motion makes reference to Plaintiff's *Ex Parte* Application for Temporary Restraining Order, and as such, Plaintiff seeks to prevent premature disclosure of that filing. However, Plaintiff is filing this Motion so that, in the event Plaintiff's *Ex Parte* Application for Temporary Restraining Order and the instant Motion are granted, Plaintiff can effectuate service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure simultaneously with providing notice of the Court's order on Plaintiff's *Ex Parte* Application for Temporary Restraining Order.

2. Contemporaneously herewith, Plaintiff filed its *Ex Parte* Application for Temporary Restraining Order. I hereby incorporate by reference all factual allegations contained in my Declaration filed in Support of Plaintiff's *Ex Parte* Application for Temporary Restraining Order.

3. Amazon.com, Inc., which operates the Amazon.com marketplace, maintains contact e-mail addresses for sellers operating via Amazon.com, and based upon past actions, Amazon identifies these contact e-mail addresses for all Defendants at issue upon compliance with the Court's Temporary Restraining Order, such as the temporary restraining order Plaintiff is requesting in the instant case. Additionally, I know that Amazon's Buyer-Seller Messaging Service is a system that facilitates communication between customers and merchants in the Amazon marketplace. By using the Buyer-Seller Messaging Service, a customer can communicate with an Amazon merchant via a unique anonymized electronic mail ("e-mail") address. This anonymized e-mail alias is treated in the same way as a real e-mail address.[2] E-mails sent via Amazon's Buyer-Seller Messaging Service are routed to the merchant via the anonymized e-mail address. Additionally, Amazon maintains a history of all e-mails routed through its system and allows a customer to see a copy of the e-mail on the Messages page in the customer's account. More importantly, customers are automatically notified when an e-mail message is not delivered to the merchant, or the merchant's e-mail address is invalid.

4. eBay.com, Inc., which operates the eBay.com marketplace, maintains contact e-mail addresses for sellers operating via their marketplace, and based upon past actions, eBay.com, Inc. identifies these contact e-mail addresses for Defendants at issue upon compliance

---

[2] See Amazon's Buyer-Seller Messaging Service, available at https://www.amazon.com/gp/help/customer/display.html?nodeId=G3JQ9V9LQ8FFMR7W (last visited October 16, 2023).

with a temporary restraining order, such as the temporary restraining order Plaintiff is requesting in the instant case. Additionally, Defendants operating their respective e-commerce stores via the Internet marketplace website eBay.com have provided an electronic form of contact in the form of eBay.com messaging system. eBay.com messaging system facilitates communication between customers and merchants in the eBay.com marketplace.

5.  Furthermore, sellers operating via eBay.com use money transfer and retention services with PayPal, Inc. ("PayPal"), as a method to receive monies generated through the sale of Infringing Products. Defendants have provided at least one accurate contact email address to PayPal in order to conduct business via their respective Seller IDs. Defendants' PayPal account e-mail addresses must necessarily be valid, working e-mail addresses; otherwise, Defendants would not be able to process payments through their PayPal accounts.[3] Moreover, pursuant to PayPal's Electronic Communication Delivery Policy (E-Sign Disclosure and Consent), PayPal account holders consent to receive all communication electronically, including via e-mail, and are required to maintain a valid e-mail address. If PayPal discovers an e-mail address has become invalid such that electronic communications sent to the e-mail address by PayPal are returned, PayPal may deem the account to be inactive and disable transaction activity until a valid, working e-mail address is provided. Based upon past actions, PayPal identifies these contact e-mail address for all Defendants at issue upon compliance with a temporary restraining order, such as the temporary restraining order Plaintiff is requesting in the instant case.

6.  Context Logic, Inc., which operates the wish.com website, maintains contact e-mail addresses for sellers operating via Wish.com, and based upon past actions, ContextLogic,

---

[3] See PayPal's Electronic Communication Delivery Policy (E-Sign Disclosure and Consent), available at https://www.paypal.com/us/webapps/mpp/ua/esign-full (last visited October 16, 2023).

Inc. identifies these additional contact e-mail addresses for all Defendants at issue upon compliance with a temporary restraining order, such as the temporary restraining order Plaintiff is requesting in the instant case.

7.    AliExpress.com ("AliExpress") Messaging Service is an available means for contacting sellers on that online marketplace. The AliExpress Messaging Service is a system that facilitates communication between customers and merchants in the AliExpress marketplace. By using the Messaging Service, a customer can communicate with an AliExpress merchant via a unique anonymized electronic mail ("e-mail") address. This anonymized e-mail alias is treated in the same way as a real e-mail address.[4] Additionally, AliExpress allows a customer to see a copy of the message on the Messages Center page in the customer's account. More importantly, customers are automatically notified when an e-mail message is not delivered to the merchant.

8.    Walmart.com ("Walmart") provides a direct messaging system that facilitates communication between customers and merchants in the Walmart.com marketplace. By clicking on the contact seller link on the seller's storefront, a customer can communicate with a Walmart merchant via an encrypted email address that the seller can use through their private email address to reach the customer.[5] Walmart requires the merchant to respond to the customer emails within 48 hours of receiving the message.

9.    Jingdong E-commerce (Trade) Hong Kong Corporation Limited (registered in Hong Kong) and JD E-Commerce America (registered in California, USA) operate the JoyBuy Marketplace. JoyBuy Marketplace has agreed with Plaintiff to provide actual notice of the lawsuit to

---

[4]   See How to contact seller, available at https://service.aliexpress.com/page/knowledge?pageId=37&category=1000022034&knowledge=1060073785&language=en (last visited October 16, 2023).

[5]   See Communicate with Marketplace Seller https://www.walmart.com/help/article/marketplace-sellers-on-walmart/33258c6228d94acbbcbdaf6b7b0b616b (last visited October 16, 2023).

each of its sellers named as defendants in this lawsuit, by electronically transmitting notice of all the court proceedings to each of the defendants operating on the JoyBuy Marketplace platform. JoyBuy Marketplace has successfully accomplished this in other lawsuits for Plaintiff and the served defendants have then contacted Plaintiff's counsel to communicate about the lawsuits.

10. Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), operates the Temu.com marketplace platform. Temu provides a direct messaging system that facilitates communication via chat between customers and merchants in the Temu.com marketplace. By clicking on the contact seller link on the seller's storefront, a customer can communicate by chat directly with the Temu seller. Chat will confirm that messages have been received and answered. Chat allows the customer to leave a message for later response.

11. Each Defendant will be provided with notice of this action electronically by providing the address to Plaintiff's designated website to their corresponding e-mail addresses and/or onsite contact forms. In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download documents filed in the case similar to the Court's CM.ECF procedures.

12. Additionally, Plaintiff will also notify Defendants of this action via website publication. Plaintiff has created a publication website and will be posting copies of the Complaint, the Application for Temporary Restraining Order, this instant Motion, Discovery, and other documents filed in this action on their publication website ("Plaintiff's Website"), such that anyone accessing Plaintiff's website will find copies of these documents. The address and a link to Plaintiff's Website will be provided to Defendants via their known e-mail accounts and/or onsite contact forms, and will be included as part of service of process in this matter.

13. My firm has good cause to believe that many of the Defendants are residing and/or operating from the People's Republic of China ("China"), or other foreign jurisdictions, and/or (though not foreign) redistribute products from sources in those locations. Plaintiff's investigation of Defendants looked at multiple connection data points, such as information contained on Defendants' actual e-commerce stores operating under their respective Seller IDs, shipping information and the investigative data provided thereunder, and determined Defendants' illegal operations are most likely based in and/or shipping from China or other foreign jurisdictions. While Plaintiff has not been able to determine Defendants' exact location due to their concealed addresses, Plaintiff has good cause to believe Defendants are not residents of the United States.

14. I reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which the United States and the People's Republic of China ("China") are signatories.[6] China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels. However, the Hague Convention does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do not expressly prohibit e-mail service. A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, a list of the signatory Members, and China's Declaration/Reservation/ Notification are attached hereto as **Exhibit 1**.

---

[6] See also Hague Service Convention, November 15, 1965, 20 U.S.T. 361, available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17%20 (last visited October 16, 2023) (full text of the Hague Service Convention); https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited October 16, 2023) (listing the current contracting states).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Pittsburgh, Pennsylvania
October 23, 2023

/s/Stanley D. Ference III
Stanley D. Ference III